RAWLS, Judge.
By this appeal from an order construing her late husband’s will, Appellant *831 Elinor Armistead contends there is no authority for granting a rehearing of a final order entered by a probate court.
Appellee-Executor filed a petition in the probate court for construction of decedent’s will. Issue was joined by the widow and upon final hearing the probate court entered its order dated June 13, 1968, construing the term “gross estate” as used in the will to be not inclusive of homestead property and certain personal property held by the husband and wife in an estate by the entireties. The Executor filed a motion for rehearing on June 24, 1968; rehearing was granted by an order dated July 11, 1968; and ultimately on March S, 1969, the probate judge entered an order rescinding the initial construction and including the homestead property in the computation of decedent’s gross estate as defined in the will.
There is no contention by appellee that the initial order entered on June 13, 1968, was not a final order. We observe that it was of “appealable finality.” In the absence of a rule promulgated by competent authority authorizing a petition for rehearing or motion for new trial subsequent to the entrance of a final order, a probate court loses jurisdiction as to that order save for those matters involving the inherent power and jurisdiction of the probate court as discussed in State ex rel. Booth v. Byington, 168 So.2d 164 (Fla.App.1st 1964). Also see The Florida Bar Practice Manual No. 8, Florida Probate Practice § 18.9, p. 777. As noted in the Byington opinion, we were not there reviewing final action upon the mentioned orders.
We cannot find any authority permitting a rehearing or new trial by a probate judge subsequent to the entrance of a final order. Appellee argues strenuously that the procedure of entertaining petitions for rehearing is common among probate courts. We observe that neither the probate courts nor this court has the power or authority to promulgate rules of procedure. Such power is the exclusive prerogative of the Supreme Court of this State conferred upon it by the provisions of Article V, Florida Constitution, 1968, F.S.A. If it be deemed advisable to grant the power of entertaining petitions for rehearing to probate judges, it would be a simple matter for the Supreme Court to promulgate such rule to be incorporated in the Rules of Probate Practice which it has heretofore adopted.
Appellant has also raised a question pertaining to the merits of the County Judge’s abortive order of March 5, 1969. In view of our conclusion that the probate judge was without jurisdiction to consider a rehearing, it necessarily follows that this Court cannot at this late date consider the merits.
The cause is reversed with directions that the final order dated June 13, 1968, be reinstated.
JOHNSON, C. J., and SPECTOR, J., concur.