PER CURIAM.
Upon further consideration of the record in this cause we are of the opinion that this court lacks jurisdiction to consider this appeal. The notice of appeal which was filed on July 31, 1972, seeks to review an order of the County Judge’s Court entered on June 28, 1972, dismissing appellant’s amended petition for revocation of will and an order of July 19, 1972, dismissing appellant’s motion for rehearing. The following comment appearing in the Florida Bar Practice Manual No. 8, Florida Probate Practice, Section 18.9, p. 777, aptly sets forth the basis for this court’s determination that it lacks jurisdiction:
“Neither the Florida probate law nor the Florida guardianship law nor the Rules of Probate and Guardianship Procedure authorize the filing of a petition for rehearing or motion for new trial. The filing of those pleadings is common practice and in a proper case can be granted on authority of State ex rel. Booth v. Byington, 168 So.2d 164 (1st D.C.A.Fla.1964) aff’d [Fla.] 178 So.2d 1. However, the filing of the petition or motion mill not toll the time for taking an appeal. Counne v. Saffan, 87 So.2d 586 (Fla.1956). Compare In re Lee’s Estate, 90 So.2d 290 (Fla.1956). The party who files the petition or motion therefore should obtain a ruling on it before the appeal period expires. If no ruling is obtained within the time for the taking of an appeal, a party should abandon the petition, file a notice of appeal and pursue the appeal. . . .” (Emphasis added.)
See also In re Estate of Armistead, Fla.App.1970, 240 So.2d 830.
Inasmuch as the petition for rehearing did not have the effect of tolling the time *586 for the taking of the instant appeal, the filing of the notice of appeal more than 30 days after the order of June 28, 1972 was untimely and could not vest jurisdiction in this court.
Appeal dismissed.
OWEN, C. J., and WALDEN and MA-GER, JJ., concur.