326 So.2d 454 (1976)
William Cowan VAL BOSTWICK, Jr., et al., Appellants,
v.
ESTATE OF Nell L. COWAN, Deceased, Appellee.
Nos. Z-281 and Z-244.
District Court of Appeal of Florida, First District.
February 11, 1976.
Charles C. Howell, Jr., Howell & Searcy, Jacksonville, for appellants.
William C. Bostwick, William L. Durden, Chester Bedell, A.B. Blackburn, Jr., Virginia Q. Beverly and J.D. Raye, Jacksonville, for appellee.
McCORD, Judge.
This is a motion by appellees to strike appellants' first assignment of error on the ground that the order sought to be reviewed by that assignment was a final order and the time within which review could be taken from it has passed. The order sought to be reviewed by the first assignment was an order filed in the estate on April 12, 1971, which approved a settlement *455 agreement between the parties and dismissed with prejudice Anne Bostwick's petition to revoke probate of the Will. We agree with appellees' contention that this was a final order from which 30 days was allowed for appeal by Rule 3.2(b), Florida Appellate Rules. It was an order finally determining the rights of the parties in the administration of the estate of the decedent from which an appeal could have been taken (§ 732.15, Florida Statutes; Rule 5.100, Florida Probate and Guardianship Rules). A probate court is not precluded in a proper case, however, from relieving a party from a final judgment or order under Rule 1.540, Florida Rules of Civil Procedure, upon the grounds and within the time limits set forth therein. In this connection, see also Padgett v. Estate of Padgett, Fla.App. (1st), 318 So.2d 484, and the cases cited there. Whether or not the alleged errors assigned by appellants' remaining assignments of error fall within any of the provisions of Rule 1.540 must remain for determination on the merits of this appeal, and we make no ruling thereon here. We simply rule here that appellants may not assign as error the entry by the probate judge of an order which has become final. The motion to strike appellants' first assignment of error is granted and such assignment is stricken.
MILLS, J., concurs.
BOYER, C.J., dissents.
BOYER, Chief Judge (dissenting).
I respectfully dissent. In my view the motion to strike appellant's first assignment of error should not be granted. I am persuaded by In re Will of Wickman, Fla. App.2nd 1974, 289 So.2d 788, which, in my view, is analogous.