PER CURIAM.
Mary Walker Wallace Malone appeals her adjudication as an incompetent. Because we find the notice of appeal untimely, we must dismiss the appeal.
On September 20, 1977, hearings having been held in July and earlier in September, a written petition was filed alleging appellant to be incompetent and seeking to have a guardian appointed for her. On the same day the trial court entered an order issuing letters of guardianship. On September 26, 1977, appellant through her present attorney filed a petition for a rehearing of the cause on the ground, inter alia, that it was error to adjudicate appellant incompetent while she was not represented by counsel. The petition for rehearing was denied on December 14, 1977. Notice of appeal was filed on January 13, 1978, more than 30 days after the entry of the original order issuing letters of guardianship, but within 30 days of the rehearing denial.
The Rules of Probate and Guardianship Procedure do not permit a petition for rehearing directed to an order issuing letters of guardianship. Accordingly, the pendency of such a petition did not toll the time for filing notice of appeal under Rule 3.2(b), Florida Appellate Rules.[1] Wagner v. Bieley, Wagner & Associates, Inc., 263 So.2d 1 (Fla.1972). This appeal is therefore untimely and must be dismissed. The dismissal is, of course, without prejudice to appellant’s filing a petition for habeas corpus or otherwise seeking appropriate relief.
HOBSON, A. C. J., and OTT and DAN-AHY, JJ., concur.

. This appeal is governed by the 1962 revision of the Florida Appellate Rules. The counterpart of former Rule 3.2(b) in the 1977 revision of the Florida Rules of Appellate Procedure is Rule 9.110(b).