McDonald, justice.
The probate and guardianship rules were adopted and approved in March 1977 and reported at 344 So.2d 828 (Fla.1977). The Florida Bar, acting through its Probate and Guardianship Rules Committee and the Probate and Guardianship Rules Committee of the Real Property, Probate and Trust Law Section of The Florida Bar, has recommended certain changes.
The following changes are made to these rules and shall supersede the previous rules, effective 12:01 a. m., January 1, 1981.
RULE 5.020. PLEADINGS; VERIFICATION; MOTIONS: COPIES
(a) Forms of Pleading. Pleadings shall be signed by the attorney of record, and by the pleader when required by these rules. All technical forms of pleadings are abolished. No defect of form impairs substantial rights, and no defect in the statement of jurisdictional facts actually existing renders any proceeding void.
(b) Petition. The petition shall contain a short and plain statement of the relief sought, the grounds therefor, and the jurisdiction of the court where the jurisdiction has not already been shown.
(c) Any other application to the court for an order may be by written motion, unless made orally during a hearing or trial. The motion shall state with particularity the grounds therefor and shall set forth the relief or order sought.
(d) A motion for rehearing of any order or judgment shall be filed not later than ten days after the entry of the order or judgment.
(e) (e) Verification. When verification of a document is required by these rules or the FPC, the document filed shall include an oath, affirmation or the following statement:
“Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged are true, to the best of my knowledge and belief.”
(4) (f) Copies. In adversary proceedings, or when otherwise required by these rules, copies of all pleadings and motions shall be served on the attorney of record of each interested person, and on each interested person not represented by an attorney of record.
Committee Notes:
1977 Revision: Editorial change (rule) and expansion of committee note.
Subparagraphs (a), (b), and (d) are substantially the same as subparagraphs (a), (b), and (f) of prior Fla.R.P. & G.P. 5.030. Subparagraph (c) taken from FPC 731.104. For adversary proceedings see new Fla.R.P. *950 & G.P. 5.025. Notice of administration is not a pleading within the meaning of this rule.
1980 Revision: Subparagraphs (c) and (d) have been redesignated as (e) and (f). New subparagraphs (c) and (d) are added to provide for the use of motions in probate proceedings other than adversary proceedings and to specifically authorize a procedure for rehearing.
RULE 5.040. NOTICE; METHOD AND TIME; PROOF
(a)Formal Notice.
(1) When formal notice is required, the petitioner shall serve a copy of the petition or other pleading on any interested person or his attorney if he has appeared by an attorney or requested that notice be sent to his attorney, together with a notice requiring the person served to file his written defenses to that petition within 20 days after service of such formal notice, exclusive of the day of service, and to serve a copy on petitioner’s attorney, and notifying the person served that failure to file and serve written defenses within the time required may result in a judgment or order being entered in due course.
(2) If there is no written defense js served and filed on-the petitioner within 20 days after from the service of the petition, the petitioner shall be considered ex parte, unless the court orders otherwise. If a written defense is timely served and filed, a hearing shall be set and reasonable notice given.
(3) Formal notice shall be served:
a.By any form of mail requiring a signed receipt as follows:
1. On his attorney of record, if any, or to the post office address given in his demand for notice, if any;
2. On an individual other than an incompetent, by mailing a copy to his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession;
3. On an incompetent person, by mailing a copy to the incompetent, to the person having custody of the incompetent, and to any legal guardian of the incompetent at their respective dwelling houses, usual places of abode or regular places of business or profession;
4.On a corporation by mailing a copy to the corporation at its last known address; or
b. As provided in Chapter 48, Florida Statutes; or
c. In the circumstances provided in Chapter 49, Florida Statutes, in the manner provided therein; or
d. By an elisor as may be provided in the Rules of Civil Procedure.
(4) If service is made under Chapters 48 or 49, Florida Statutes, then proof of service shall be made as provided therein.
(5) If service is made by mail, then proof of service shall be by verified statement affidavit of the person mailing service, and there shall be attached to such verified statement affidavit the signed receipt or other evidence satisfactory to the court that delivery was made to, or refused by, the addressee or his agent.
(b) Informal Notice.
(1) When informal notice of a petition or other proceeding is required or permitted, it shall be served on the person or his attorney as provided in the Rules of Civil Procedure relating to service of pleadings.
(2) Proof of service shall be made by filing an attorney’s certificate of service or by verified statement affidavit if filed by a person who is not a member of The Florida Bar.
(3) Unless otherwise specifically provided, informal notice of every petition or proceeding affecting property rights or interests shall be given to interested persons. The requirement for giving of informal notice may be specifically waived by will or by the court-upon-good cause shown.
(c) “Notice” shall mean informal notice unless formal notice is specifically provided for or required.
(d) In actions when the parties are unusually numerous, the court may regulate *951 the service contemplated bv these rules on motion or on its initiative in such manner as may be found to be just and reasonable.
(el Formal notice may be given in lieu of informal notice at the option of the moving party unless the court orders otherwise. When such formal notice is given to any party, it shall be given to all parties entitled to notice.
Committee Notes:
1975 Revision: Subparagraph (a) incorporates the provisions of FPC 731.301(l)(a)-(c) with editorial changes. The committee considered that formal notice should require the filing and service of a written defense within 20 days after service, and the person served notified as to what might result should he fail to file and serve his defenses within the time required.
Subparagraph (b) incorporates the provisions of FPC 731.301(2) and 731.301(4). The committee included the provisions for specific waiver of informal notice.
Subparagraph (c) reflects the definition in FPC 731.201(20).
1977 Revision: To clarify requirement of service of notice and to authorize service by an elisor.
1980 Revision: Subparagraph (a)(2) amended to conform to (a)(1), authorizes court to give relief from default. Editorial changes.
Subparagraphs (a)(5) and (b)(2) conform rules to FPC 731.301(l)(c) (1977).
Subparagraph (b)(3) deletes reference to court granting waiver of notice.
New paragraph (d) gives court power to relax notice requirements when numerous parties involved.
New paragraph (e) authorizes moving party to select formal notice in any proceeding unless court directs otherwise, thereby obviating delays regarding mode of notice and conforming rule to common practice.
RULE 5.060. REQUEST FOR NOTICES AND COPIES OF PLEADINGS
(a) Any interested person who desires notice of proceedings in the estate of a decedent or ward may file a separate written request for notice of further proceedings, designating therein his residence and post office address. When such person changes his residence or post office address, a new designation of such change shall be filed in the proceedings. A person filing such request, or address change, shall also deliver a copy thereof to the clerk, who shall forthwith mail it tó the attorney for of the personal representative or guardian, noting on the original the fact of mailing.
(b) A party filing a request shall be served thereafter by the moving party with notice of further proceedings and with copies of subsequent pleadings and papers as long as the party is an interested person.
Committee Notes:
1975 Revision: This rule substantially incorporates the provisions of prior Fla.R.P. & G.P. 5.060 except that now a copy of the request shall be mailed by the clerk only to the attorney for the personal representative or guardian. Even though a request under this rule has not been made, informal notice as provided in Fla.R.P. & G.P. 5.040(b)(3) may still be required.
1977 Revision: Editorial and citation form change in committee note.
1980 Revision: Caveat, the personal representative may want to give notice to parties even though not required, for example, where an independent action has been filed on an objected claim.
RULE 5.205. “DEATH CERTIFICATE FILING”
(a) An official record of the death of a decedent shall be filed bv the personal representative, if any, or the petitioner in each of the following proceedings and at the times specified:
(1) Administration of decedent’s estate-within three (3) months following the date of the first publication of the notice of administration.
(2) Ancillary proceedings-within three (31 months following the first publication of notice to creditors.
(31 Family administration-at any time prior to entry of the order of family administration.
*952 (41 Summary administration-at any time prior to entry of the order of summary administration.
(51 Disposition without administration-at the time of filing the application for disposition without administration.
(61 Determination of beneficiaries-at any time prior to entry of the final judgment determining beneficiaries.
(71 Determination of homestead-at any time prior to entry of the final judgment determining homestead status of real property.
(bl Upon verified petition by the personal representative, if any, or the petitioner, the court mav enter an order waiving compliance with this rule, without notice or hearing.
(cl The court may, without notice or hearing, enter an order requiring the personal representative, if any, or the petitioner to file an official record of death at any time during the proceedings.
Committee Notes:
1980 Revision: New. This rule reflects a new procedural requirement not founded upon a statute or rule. This rule is intended to provide a uniform procedure for filing an official record of death in any judicial or statutory proceeding upon the death of a decedent. The court may, upon ex parte application, waive compliance with this rule or require filing at any stage in the proceedings.
Statutory Reference:
FPC 731.103, evidence as to death or status.
RULE 5.340. INVENTORY
(a)Within sixty (60) days after issuance of letters, a personal representative who is not a curator or a successor to another personal representative who has previously discharged the duty, shall file an inventory of the property of the estate listing it with reasonable detail, and including for each listed item its estimated fair market value at the date of decedent’s death. Homestead real property shall be so designated. Real property located in Florida and personal property wherever situated of a decedent who is domiciled within this state shall be inventoried, if known. Real and personal property within this state owned by a decedent who is domiciled outside of this state shall be inventoried.
(b) Time for filing inventory may be extended by the court.
(c) Within the time-allowed for filing the inventory-; — tThe personal representative shall send a copy of the inventory to all interested persons who have requested it in writing.
(d) If any property not included in the original inventory comes to the knowledge of a personal representative, or if the personal representative learns that the estimated value or description indicated in the original inventory for any item is erroneous or misleading, he shall file a supplementary inventory showing the estimated value at the date of the decedent’s death of the new item or the revised estimated value or description, and furnish copies in accordance with paragraph (c) of this rule.
Committee Notes:
1975 Revision: Orderly administration of an estate requires proper inventory of all assets at an early date.
Rights to abbreviated administration procedures can be determined only after proper inventory. Assignment of homestead carries out the constitutional provision, puts all interested persons on notice, and aids real property title research.
Changes in sub (c) provide for timely notice to interested persons who have given written notice of their interest and request.
Statutory References:
As to:
(a) First sentence tracks FPC 733.604(1). Second sentence relates to FPC 732.4015, homestead, and determination of right to family administration under FPC 735.101 or duty to fully administer.
(b) Sets forth the inherent power of the court.
(c) Tracks FPC 733.604(2) except to provide time requirement and provide for request “in writing.”
*953 (d)Tracks FPC 733.606.
1977 Revision: Unchanged.
1980 Revision: Eliminates the time limit in requesting a copy of the inventory by an interested party or in furnishing it by the personal representative.
RULE 5.345. ELECTION OF FISCAL YEAR; INTERIM ACCOUNTINGS; OBJECTIONS TO INTERIM AC-COUNTINGS
(a) The personal representative may select a fiscal year.
(b) The personal representative may elect to file an interim accounting at any time. The interim accounting shall contain a full and correct account of all the receipts and disbursements of the estate since the date of the last accounting, and if none, from the commencement of administration, and shall include a statement of the assets of the estate at the end of the accounting period. Real estate need not be specifically described, but shall be identified as to nature and location.
(c) Substantiating papers need not be filed with the interim accountings, but shall be available for inspection when the court or any interested person requests.
(d) The personal representative shall serve notice of the filing and a copy of the interim accounting on all interested persons. The notice shall state that it is an application for the approval of the accounting and shall notify the person served that any objection to the accounting, or any item thereof, stating the basis for the objection. must be filed in writing within 30 days after service of notice or the interim accounting shall be approved as filed.
(e) Any interested person may file an objection . stating the basis therefor, in writing to the interim accounting or any item thereof within 30 days after the notice of filing is served upon him in accordance with subsection (d).
(f) After the expiration of the time for filing of objections, if objections to the interim accounting have been timely filed, the personal representative or the objecting party may apply to the court for a hearing thereon upon reasonable notice to all interested persons.
(g)If no objection is timely filed to an interim accounting, the accounting shall be deemed approved as filed and thereafter not subject to objection by any interested person.
Committee Notes:
1977 Revision: Change in (a) of rule to authorize selection of fiscal year without unnecessary requirements and change in committee note to eliminate (f) in statutory reference to conform to statutory renumbering.
FPC 733.901 sets forth the legislative intent that interim accountings may be filed. The rule provides for the same conditions as with final accountings. Notwithstanding the 12 month rule, a fiscal year election may be prudent for tax reasons.
Should interim accountings be filed, the rule provides the due process inherent in the statute for such accountings.
Statutory References:
FPC 733.901(1) sets forth the requirement for filing the final accounting within 12 months, effectively placing all estates on a fiscal year for administration purposes.
FPC 733.901(1) clearly implies periodic accountings may be rendered.
The rule carries forth the filing, notice, time for objection, and approval of interim accounting provisions of FPC 733.901 for final accounts.
1980 Revision: Change in (d) to require the notice to state that the basis for an objection is necessary. Change in (e) to require any person filing an objection to set forth the basis of such objection.
RULE 5.400. DISTRIBUTION; FINAL DISCHARGE
(a) When a personal representative has completed administration except for distribution, he shall file a final accounting and a petition for discharge providing the following:
(1) A complete accounting of all receipts and disbursements since the date of the last *954 accounting, and if none, from the commencement of administration.
(2) A statement that he has fully administered the estate by making payment, settlement or other disposition of all claims that were presented, and has provided for payment of taxes and expenses of administration.
(3) The amount of compensation either paid or to be paid to the personal representatives, attorneys, accountants, appraisers or other agents employed by the personal representative.
(4) A schedule of any prior distributions.
(5) The proposed distribution of the remaining assets.
(6) A statement that objections to the accounting, the compensation paid or proposed to be paid or proposed distribution of assets . stating the basis for such objection. must be filed within 30 days from the date of service.
(b) The final accounting and petition for discharge shall be filed and served on all interested persons within 12 months after issuance of letters unless the time is extended by the court for cause shown after notice to interested persons. The petition to extend time shall state the status of the estate and the reason for the extension.
(c) If no objection to the final accounting, to the compensation, or to the petition for discharge has been filed within 30 days from the date of service of copies on interested persons, the personal representative may distribute the estate according to the plan of distribution set forth in the petition without a court order. Upon receipt of evidence that the estate has been properly distributed and that claims of creditors have been paid or otherwise disposed of, the court shall enter an order discharging the personal representative and releasing the surety on any bond.
(d) If an objection is made to:
(1) The amount or necessity of any compensation paid or proposed,
(2) The final accounting, or
(3)The petition for discharge, within the time allowed, the court upon reasonable notice to all interested persons shall sustain or overrule any objections to the accounting and petition for discharge, determine the amount of any compensation objected to and fix the plan of distribution. Upon receipt of evidence that the estate has been distributed according to the plan determined by the court and that claims of creditors have been paid or otherwise disposed of, the court shall enter an order discharging the personal representative and releasing the surety on any bond.
(e) The 30 day period in subsection (c) may be waived upon written consent of all interested persons.
(f) The personal representative may, before making distribution, retain from the funds in his hands a sufficient amount to pay the expenses accruing prior to discharge.
(g) Filing the final accounting may be waived upon written consent of all interested persons.
(h) When the interest of a minor heir or beneficiary does not exceed the amount authorized by Florida law to be received by his natural guardian, the natural guardian may waive the 30 days period and the accounting on behalf of such minor heir or beneficiary.
(i) In the absence of a conflict of interest, trustees, guardians, and personal representatives may give waivers on behalf of the beneficiaries of trusts, wards, and beneficiaries of estates.
Committee Notes:
1977 Revision: New. This rule is intended to fully comply with the provision of section 733.617, Florida Statutes (1975). Its disclosure provisions are in accordance with the philosophy of the Probate Code to keep all interested parties fully informed.
1980 Revision: Change in (a)(6) to require that an objection set forth the basis on which it is being made.
The status of the estate required under subparagraph (b) should include a reference to any pending action affecting the estate.
*955 RULE 5.440. PROCEEDINGS FOR REMOVAL
(a) Proceedings for removal of- -the-personal representative may be commenced-by the court or any-interested person or joint personal representative. — Sueh-ne-tice shall be given to the personal representative as the court may-direct. — Upon hearing, the court may enter— such order as it deems piper-
ía) Proceedings for removal of a personal representative may be instituted by the court or by verified petition of any surety. joint personal representative or other interested person, alleging facts upon which the petition is based, with formal notice to all interested persons.
(b) A removed personal representative shall file an accurate, complete and final account of his administration and deliver to the remaining or successor personal representative all of the records concerning the estate and all of the property of the decedent within 30 days after his removal, unless for good cause shown the time is extended or reduced by the court.
(c) The removed personal representative shall deliver-to-the- remaining or-sueeesser personal-representative all of the property of the decedent and his estate and all records concerning-the- estate.
(4) (c) If a removed personal representative fails or refuses to file an accurate, complete and final account of his administration, or fails to turn over to his successor all of the property of the decedent and his estate and all records concerning the estate within the time provided by this rule, the court, on its own motion or upon the motion of any interested person shall order the removed personal representative to comply within ten days after service of a copy of the order. If he the removed personal representative fails or neglects to comply within the time required, the court may commit such removed personal representative until he complies. If sufficient cause is shown for the default, the court shall prescribe a reasonable time within which to comply and upon failure of the removed personal representative to comply with this or any subsequent like order, the court on its own motion or the motion of any interested person may commit him the removed personal representative until he does comply.
(o) Proceedings for-the commitment of sueh — defaulting—personal—representative may be instituted-by tho court or any interested person or joint-personal representá-
is (d) If proceedings for commitment are instituted by the court, the order directing compliance shall be sufficient of itself. If proceedings are instituted by a person other than the court, they shall be by verified petition, stating the facts upon which the proceedings are based. After notice to the removed personal representative and a hearing on the petition, if it deems the facts stated sufficient, the court shall issue its order and proceed in accordance with the provisions of this rule.
Committee Notes:
1975 Revision: To set forth the orderly procedure for accounting and transfer of assets in a removal of a personal representative.
The contempt procedure follows prevailing practice and assures due process. Contempt proceedings are a necessary power of the court to enforce its orders.
Statutory References:
As to:
Sub (a), FPC 733.506
Sub (b), FPC 733.508
Sub (c), FPC 733.509
Sub (d), (e), and (f), case law relating to “contempt” in general. See 6 Fla.Jur. Contempt 7 (1956) (Acts Constituting Contempt, In General).
OLD RULE 5.390 with minor change.
1977 Revision: Citation form change in committee note.
1980 Revision: Paragraph (a) amended to require formal notice to interested persons and to delete requirement that court give directions as to mode of notice. Surety may petition for removal in conformity with rule 5.660 (guardians). Requires factual allegations. Editorial changes.
*956 Paragraph (b) combines and replaces former (b) and (c).
Paragraph (c) combines and replaces former (d) and (e). Editorial changes.
Former paragraph (f) relettered as (d).' RULE 5.520. PETITION FOR FAMILY-ADMINISTRATION FAMILY ADMINISTRATION: PETITION
(а) A petition for family administration shall contain, in addition to the statements required by Rule 5.200, the following the additional statements and supporting items required bv law to entitle petitioner to the entry of an order of family administration.
(1) In an intestate estate that the heirs at law of- the decedent consist solely of a surviving- spouse, lineal descendants, lineal ascendants or any of them,
(2) In a testate estate that the beneficiaries — under the — will consist of a surviving spouse or lineal descendants, lineal ascendants-or any of them, and that any specific or general devise-to others constitutes a minor part of the decedent’s estate,
(3) That the value of the gross estate, as of the date of death, is less -than $60,000:00 for federal estate tax purposes,
(4) That the entire estate consists of personal— property-my if real- property forms part of the estate; that administration under- -the Code has- proceeded to the point that all claims of creditors have been-pree-essed or barred,
(5) That the decedent’s w-illy-if one exists^ does-not- direct-administration as required by Chapter 733 of-the Code,
(б) A complete list of the assets of the gross estate for federal estate-tax purposes and their estimated value,
(7) -That the-estate is not indebted or, if indebted, the names, addresses-of creditor-s and-the amounts-due them, and that provision for payment of debts has-been made or the claims are bar-red,
(8) A proposed schedule of distribution-of all-assets to those entitled thereto as surviving spouse, heirs, beneficiaries — or creditors; aad-fcheir respective names, ages, residences and-relationships to the decedent,
(b)The-term- — gross- estate” as used in this rule means gross estate as defined for federal estate tax purposes and consists of both probate and non-probate assets of a decedent;
(e) (b) The petition shall be signed and verified by all beneficiaries and the surviving spouse, if any. The petition may be signed on behalf of a minor or an incompetent by his legal guardian or, if none, by his natural guardian.
Committee Notes:
1975 Revision: Implements FPC 735.101 and FPC 735.103. Establishes the requirements of a petition for family administration.
1977 Revision: Unchanged.
1980 Revision: Implements FPC 735.101, 735.103, and 735.107 and deletes repetition of specific language included in the statutes.
RULE 5.540. DEFINITIONS
Unless the context requires otherwise, when used in these rules:
(a) “Clerk” means the clerk or deputy clerk of the court.
(b) “Court” means the circuit court.
(c) “Estate” includes the property of a ward subject to administration.
(d) “FGL” means the Florida Guardianship Law, as amended from time to time.
(e) A “foreign guardian” is one appointed in another state or country.
(f) A “guardian” is one to whom the law has entrusted the custody and control of the person or property, or both, of an incompetent. “Guardian” may mean curator, conservator or committee if appointed in another state.
(g) A “Guardian ad litem” is one appointed by a court in which particular litigation is pending to represent a ward in that litigation.
(h) An “incompetent” is a person who because of minority, senility, lunacy, insanity, imbecility, idiocy, drunkenness, excessive use of drugs or other physical or mental *957 incapacity, is incapable of either managing his property or caring for himself, or both.
(i) A “minor” is a person under 18 years of age whose disabilities have not been removed by marriage or otherwise.
(j) “Property” means realty, personalty and choses in action, or any interest in them, legal or equitable, and also claims or rights of action arising in tort.
(k) A “ward” is an incompetent for whom a guardian has been appointed.
(l) “Next-of-kin” means those persons who would be heirs at law of the ward or alleged incompetent if such person were deceased and includes the lineal descendants of such ward or alleged incompetent person.
Committee Notes:
1975 Revision: These definitions are intended to simplify application of these rules. See also definitions in FGL 744.102.
1977 Revision: Editorial change in committee note.
1980 Revision: Implements 1979 amendment to FGL 744.102 subsection (16). See also definitions in FGL 744.1025.
RULE 5.550. PETITION FOR ADJUDICATION OF INCOMPETENCY
(a) Every petition for adjudication for of incompetency shall be verified by the petitioner or his attorney and shall allege, to the best of petitioner’s knowledge and belief:
(1) The name, date of-birth age, if known or approximate age, if not known, and address of the alleged incompetent and the nature of his disability;
(2) The address of the petitioner; and
(3) The names, relationships and addresses of the spouse and next-of-kin of the incompetent, if known.
(b) When a petition is filed, the court shall set a date for hearing.
Committee Notes:
1975 Revision: Implements FGL 744.331 and is substantially the same as subsection (3) and the first sentence in subsection (4). 1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
1980 Revision: Implements 1979 amendments to FGL 744.331.
RULE 5.560. PETITION FOR APPOINTMENT OF GUARDIAN
(а) Every petition for the appointment of a guardian shall be verified by the petitioner or his attorney and shall allege, to the best of petitioner’s knowledge and belief:
(1) Facts sufficient to show that venue is proper;
(2) Petitioner’s residence and post office address;
(3) The name, date of — birth age, if known, residence and post office address of the alleged incompetent and the nature of his incapacity;
(4) The date and court of adjudication;
(5) The type of guardianship desired;
(б) The approximate value and description of his property;
(7) The names and addresses of the persons most-closely related-to-the incompotont next-of-kin of the incompetent, if known to the petitioner:
(8) That the person sought to be appointed is qualified to act as guardian in the state of Florida; and
(9)The preference, name, residence, post office address and the preference, if any, te which the person sought to be appointed is entitled pursuant to the-provisions of FGL 744.302 or-744.312, and of the person sought to be appointed.
(10) In the case of information required in the petition which is not known to the petitioner that reasonable search -has been made and-that the information cannot be ascertained without delay that -would adversely affect the incompetent or his prop ■
Committee Notes:
1975 Revision: Substantially the same as FGL 744.334 expanded to include provisions of FGL 744.302 and FGL 744.312 by reference.
*958 1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
1980 Revision: Implements 1979 amendment to FGL 744.334.
RULE 5.570. NOTICE: ADJUDICATION OF INCOMPETENCY AND APPOINTMENT OF GUARDIAN
(a) notice of Petition for Adjudication of Incompetency
A petition for adjudication of incompetency shall be served upon the alleged incompetent in the manner as provided by Fla.R.Civ.P. 1.070. A notice of the hearing on the petition shall accompany the petition. A copy of the petition and notice of the hearing thereon shall be served on one or more members of his family, if any other than petitioner are known to be residing in the county, and to such persons as the court may direct.
(b) Notice of Petition for Appointment of Guardian
(1) A petition for appointment of guardian may be heard by the court without notice if filed before and heard upon the conclusion of the hearing in which the person for whom a guardian is sought to be appointed is adjudged incompetent.
(2) If the petition is filed after the conclusion of the hearing adjudicating the person incompetent; not heard unon the date on which the person for whom a guardian is sought to be appointed is adjudged incompetent. then a copy of the petition and notice of the hearing thereon shall be served on the incompetent and ono or more of — his family or- relatives if any can be found- within the-county- such other persons as the court may direct.
(3) If the petition alleges that the incapacity is minority and the petitioner is not a parent and one or both of the parents of the minor are living, a copy of the petition and notice of the hearing thereon shall be given to them. When the person sought to be appointed is a parent, no notice is necessary unless the other parent is living and refuses to consent to the appointment.
Committee Notes:
1975 Revision: Implements FGL 744.-331(4) and FGL 744.337 with editorial changes.
1977 Revision: Editorial change in rule. Change in committee note to conform to statutory renumbering.
1980 Revision: Implements 1979 amendment to FGL 744.337(1).
RULE 5.630. PETITION AND NOTICE FOR APPROVAL OF ACTS
(a) When authorization or confirmation of any act of the guardian is required, application shall be made by verified petition of the guardian stating the facts showing:
(1) The expediency or necessity for the action;
(2) A description of any property involved; and
(3) The price and terms of a sale, mortgage or other contract.
(b) No notice of a petition to authorize a sale of perishable personal property or of property rapidly deteriorating shall be required. Notice of a petition to perform any other act under FGL 744.441 shall be given to the guardian of the person and the nex-t of kin, if-any to those interested persons who have filed a request for notices and copies of pleadings.
(c) After the hearing upon the petition, if the act is authorized or confirmed, the order shall describe the property, if a sale or mortgage is authorized, and:
(1) If the property is authorized for sale at private sale, the order shall fix the price and the terms of the sale, or
(2) If the sale is to be public, the order shall state that the sale shall be made to the highest bidder and the court reserves the right to reject all bids.
(d) An order for any other act permitted under FGL 744.441 shall describe the permitted act and authorize the guardian to perform it or confirm its performance.
Committee Notes:
1975 Revision: Substantially the same as FGL 744.503, 744.447, and 744.451 with editorial changes.
*959 1977' Revision: Change in statutory reference in rule and in committee note to conform to statutory renumbering.
1980 Revision: Implements 1979 amendment to FGL 744.447(2).
RULE 5.660. PROCEEDINGS FOR REMOVAL OF GUARDIAN
(a) Proceedings for removal of a guardian may be instituted by the court or by verified petition of any other guardian, any surety, the next of kin, or any other interested persom — If proceedings are- instituted by-a-person other than-the court, they shall be by verified petition stating alleging the facts upon which the petition is based, with formal notice to all guardians and to other interested persons, including next-of-kin, if any. Notice-shall be given to the guardiam On the hearing the court may enter -the order.-that ¡g proper under the pleadings and the evidence.
(b) A removed guardian shall file a true, complete and final accounting of his guardianship within 30 days after his removal, unless for good cause shown the time is extended by the court.
(c) The successor guardian shall demand of the removed guardian, or his heirs, personal representative or surety all the property of the ward and all records with all money due the ward by him. The removed guardian, or his heirs, personal representative or surety, shall turn over the items to his duly qualified successor.
(d) If a removed guardian fails to file a true, complete and final accounting of his guardianship, to turn over to his successor all property of his ward and all records that are in his control and that concern the property of the ward or the guardianship, or to pay over to the successor guardian all money due the ward by him, the court shall commit the removed guardian until he complies with the requirements indicated. If cause is shown for the default, the court shall set a reasonable time within which to comply, and on failure to comply with this or any subsequent order, the removed guardian may be committed until he does comply. Proceedings for the commitment of a defaulting guardian may be instituted by the court, by any interested person or by a successor guardian.
(e)If proceedings for commitment are instituted by the court, the order directing compliance shall be sufficient of itself. If proceedings are instituted by a person other than the court, they shall be by verified petition, stating the facts upon which the proceedings are based. After notice to the removed guardian and a hearing on the petition, if it deems the facts stated sufficient, the court shall issue its order and proceed in accordance with the provisions of this rule.
Committee Notes:
1975 Revision: Substantially the same as FGL 744.477, FGL 744.511, FGL 744.514, and FGL 744.517, with editorial changes and additional provisions to the effect that if any proceedings are instituted by a person other than the court they shall be by verified petition stating the facts upon which the proceedings are based.
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
1980 Revision: Paragraph (a) amended to specifically authorize any guardian or next-of-kin to file the petition and to require formal notice in conformity with rule 5.630(b).
RULE 5.690. ANNUAL ACCOUNTINGS
(a) The annual accounting shall be filed on or before April 1 of each year or 90 days after termination of the ward’s fiscal year. In his accounting, a guardian of the property shall render a full and correct accounting of the receipts and disbursements of all his ward’s property of which he has control and shall include a statement of the ward’s assets.
(b) Substantiating papers shall not be filed with accountings, but pertinent substantiating papers and records shall be available at the trial of objections to accountings, and all substantiating papers and records shall be preserved by the guardian for 3 years after his discharge.
*960 (c) If a guardian fails to file his annual accounting, any person interested may file a written demand for service of a copy of the accounting, containing the post office address of the person filing it. If any demand is on file at the time the accounting is filed, the guardian shall serve a copy of the accounting upon the person who filed the demand and shall file proof of service of it.
(d) It is not necessary to file an annual accounting when a ward who has become sui juris, or a personal representative of a deceased ward, waives the filing thereof in writing. Notwithstanding a waiver, the court may require the filing of the accounting.
(e) Unless otherwise waived-by the court, a guardian- of the property shall appear before the-eourt at the time the-guardian of the property files his-annual accounting or at such time as the court shall-determine in order that-the court may inquire as to any matter-relating to the financial well-being of the ward.
(e) The court mav require every guardian to appear before the court at the time the guardian files his annual return or at such other times as the court determines in order for the court to inquire as to any matter relating to the physical and financial well-being of the ward.
Committee Notes:
1975 Revision: Substantially the same as PGL 744.427(1), (2), and (4) and FGL 744.-437 with editorial changes and providing for the waiving, by a ward who has become sui juris or by the personal representative of a deceased ward, of the filing of an annual accounting. The rule requires the guardian of the property of a ward to appear before the court at the time he files his annual accounting or at such time as the court shall determine in order that the court may inquire as to any matter relating to the physical and financial well-being of the ward. This appears to be in conflict with FGL 744.437 which refers to “every guardian” but in the same sentence it refers to “at the time the guardian files his annual return” ■ and only the guardian of the property is required to file an annual accounting.
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
1980 Revision: Subparagraph (e) amended to avoid conflict with statutory changes in section 744.437, Florida Statutes (1979).
SUNDBERG, C. J., and ADKINS, BOYD, OVERTON, ENGLAND and ALDERMAN, JJ., concur.