391 So.2d 276 (1980)
In re ESTATE of George E. BEEMAN, Deceased.
No. 78-834.
District Court of Appeal of Florida, Fourth District.
December 3, 1980.
*278 Glenn R. Mee of Andrews, Voorheis, Lehrer & Baggett, Fort Lauderdale, for appellant.
Robert J. Friedman, Hallandale, for appellee.
HURLEY, Judge.
This appeal presents the question whether the Florida Rules of Probate and Guardianship Procedure, as presently structured, permit the court to retain jurisdiction to cure judicial error by amending, altering or modifying a final order after its rendition. We answer in the negative.
During the administration of the estate of George E. Beeman, a controversy arose over attorneys' fees. Consequently, counsel for the estate filed a petition to enforce payment of attorneys' fees. The court conducted an evidentiary hearing and, on February 16, 1978, entered an order awarding attorneys' fees in the sum of $17,100.00. The amount of the award was based on a fee contract between the original personal representative and the law firm of Andrews, Voorheis, Lehrer and Baggett.
On February 28, 1978, appellee/successor personal representative filed a petition for rehearing. Again, the court conducted an evidentiary hearing and, on March 16, 1978, entered an amended order reducing the amount of attorneys' fees to $12,050.00. The amended order indicated that the February 16th order was vacated and set aside and that the new award was based upon quantum meruit and upon the criteria established by Section 733.617, Florida Statutes (1977). It is the validity of the March 16th order which is at issue on this appeal.
We preface our discussion by noting that the proceeding below was not designated an "adversary proceeding." The authorization for such designation is found in Rule 5.025, Fla.R.P. & G.P., which states:
(a) The following shall be deemed adversary proceedings:
(1) Proceedings to revoke a will, probate a lost or destroyed will, probate a later discovered will, determine beneficiaries, construe a will, cancel a charitable bequest, partition property for the purposes of distribution, determine and award the elective share; and
(2) Any other proceeding which shall be determined by the court to be an adversary proceeding. (Emphasis supplied.)
Since attorneys' fees are not contained in the listing under subsection (a)(1), the proceeding below could have been an "adversary proceeding" only if so classified by the court pursuant to subsection (a)(2).
The characterization of the proceedings is critically important for it determines which rules of court shall govern. Subsection (b)(2) of Rule 5.025 indicates that the rules of civil procedure shall govern adversary proceedings. Included, of course, would be Rule 1.530, Fla.R.Civ.P., which authorizes motions for rehearing and motions to alter or amend a judgment.
Since the trial judge in the case at bar did not determine the proceeding to be an adversary proceeding, the rules of civil procedure are inapplicable; our review is therefore confined to the perspective of the Florida Rules of Probate and Guardianship Procedure. Absent a trial court's determination that a proceeding is an adversary proceeding, and excepting situations of waiver or estoppel, an appellate court will not apply the adversary proceeding label for the first time on appeal. Substantive rights are involved and, therefore, retroactive designation is impermissible.
*279 Applying the definition for finality found in Rule 5.100, Fla.R.P. & G.P., there can be no doubt that the trial court's order of February 16th was a final order subject to appeal. Moreover, because the Florida Rules of Probate and Guardianship Procedure do not presently contain a provision allowing for a motion for rehearing,[1] such a motion is a nullity which, if filed, will not toll the time for filing an appeal. In re Malone, 365 So.2d 1059 (Fla. 2d DCA 1978); Val Bostwick v. Estate of Cowan, 326 So.2d 454 (Fla. 1st DCA 1976); In re Estate of Crissey, 286 So.2d 585 (Fla. 4th DCA 1973).
In the case at bar, appellee filed a petition for rehearing on February 28, 1978, twelve days after the February 16th order. The court entered its amended order on March 16, 1978, twenty-eight days after the original order. The question on appeal then, is whether the trial court, under the rules of probate and guardianship procedure, had jurisdiction to amend its order. To obtain the answer we must ascertain the precise moment at which the trial court lost jurisdiction to alter, modify or amend its order.
At common law a trial court retained jurisdiction to correct or modify a judgment until the time for taking an appeal expired, or until an appeal was in fact taken, whichever occurred first. Shelby Mutual Insurance Co. v. Pearson, 236 So.2d 1, 5 (Fla. 1970) (Ervin, C.J., dissenting). Florida seemed to adopt the common law rule in Floyd v. State ex rel. LaVigne Electric Co., 139 So.2d 873 (Fla. 1962), when the court held that a trial judge had the authority to vacate summary judgments previously entered, despite the fact that there was no provision of rule or statute giving the court power to do so. However, Kippy Corp. v. Colburn, 177 So.2d 193 (Fla. 1965), firmly rejected the common law view by limiting Floyd to its facts and stating the broad proposition that both trial and appellate courts are limited by rule and statute as to the time and manner in which the power to correct errors in final orders may be exercised. The court characterized the function of correcting orders in final judgments as jurisdictional and held:
If the correction of error is not sought within the time and manner provided the court involved has no authority to act and insofar as that court is concerned the matters decided are finally ended.
... Unless a proper motion or petition is filed within the allotted time the order becomes absolute and except as provided by the rules ... the trial court has no authority to alter, modify or vacate the substance of the order. Id. at 196-97.
The Supreme Court reaffirmed Kippy Corp. five years later in Shelby Mutual Insurance Co. v. Pearson, supra, and said:
Except as provided by Rules 1.530 and 1.540, Florida Rules of Civil Procedure, the trial court has no authority to alter, modify or vacate an order or judgment. 236 So.2d at 3.
See also Denny v. Denny, 334 So.2d 300 (Fla. 1st DCA 1976); Allen v. Allen, 230 So.2d 29 (Fla. 1st DCA 1969).
Since the Florida Rules of Probate and Guardianship Procedure do not presently provide for motions for rehearing and inasmuch as the proceeding to determine attorneys' fees was not determined to be an adversary proceeding and thus made subject to the Florida Rules of Civil Procedure, particularly Rule 1.530, we hold that the trial court's order of February 16, 1978, became absolute upon its rendition and thereafter the court was without jurisdiction to alter, modify or amend it.
Though the time sequence is different, the court reached the same conclusion in In re Estate of Armistead, 240 So.2d 830, 831 (Fla. 1st DCA 1970), and held:
In the absence of a rule promulgated by competent authority authorizing a petition for rehearing or motion for new trial subsequent to the entrance of a final order, a probate court loses jurisdiction as *280 to that order save for those matters involving the inherent power and jurisdiction of the probate court as discussed in State ex rel. Booth v. Byington, 168 So.2d 164 (Fla.App. 1st 1964).
State ex rel. Booth v. Byington, supra, ruled that a probate court has inherent power to revoke probate of a will where a later will or codicil is discovered, where newly discovered evidence shows that the probated will was forged, or that its probate was procured by fraud. Similarly, Val Bostwick v. Estate of Cowan, supra, held that a probate court is not precluded in a proper case from relieving a party from a final judgment or order under Rule 1.540(b), Fla.R.Civ.P., upon the grounds and within the time limit set forth therein.
We are cognizant of the maxim than an order of the probate court comes to this court clothed with a presumption of correctness and will be affirmed if it can be supported on any theory. Beck v. Beck, 383 So.2d 268 (Fla. 3d DCA 1980). Therefore, despite the fact that appellee's February 28th petition was captioned as a "petition for rehearing," we have reviewed its grounds[2] to determine whether in substance it is a motion for relief from judgment pursuant to Rule 1.540(b), Fla.R.Civ.P. In this respect, it must be remembered that Rule 1.540(b) is not a substitute for appellate review. Only those orders which result from oversight, neglect or accident, as opposed to judicial error, may be remedied under Rule 1.540(b). Fiber Crete Homes, Inc. v. Division of Administration, 315 So.2d 492 (Fla. 4th DCA 1975); Constant v. Tillitson, 214 So.2d 91 (Fla. 1st DCA 1963); In re Estate of Weymer, 199 So.2d 495 (Fla. 4th DCA 1967), cert. discharged sub nom. Scott v. Broward National Bank, 207 So.2d 673 (Fla. 1968).
*281 Though the grounds set forth in paragraphs 2, 3 and 4 of appellee's petition are clearly allegations of judicial error which fall outside the purview of Rule 1.540(b), paragraph 1 presents a closer question. It alleges:
That the Order entered on said Petition was based upon an alleged contractual obligation between the Petitioners and Catherine T. Beeman, and at the hearing on said Petition, the Petitioner waived his right to proceed on the contract and instead, petitioned for a reasonable fee to be established on a quantum meruit basis. Accordingly, the Court erred in awarding the fee based upon the contract.
Putting the truth of the allegation aside for the moment,[3] it implies a mistake of fact, viz., that the trial court inadvertently failed to recall that the contract count had been waived or withdrawn and, as a consequence, the court's judgment was predicated on a factual error. Nonetheless, we believe the allegation must be classified as a judicial error. We adopt the test formulated by the Wyoming Supreme Court in Spomer v. Spomer, 580 P.2d 1146, 1149 (1978):
The key factor is whether or not the court reached a decision in the intentional or purposeful exercise of its judicial function. If the pronouncement reflects a deliberate choice on the part of the court, the act is judicial; errors of this nature are to be cured by appeal.
We acknowledge that our decision today is in conflict with our earlier holding in In re Estate of Weymer, supra. There, pursuant to the authority of Rule 1.540(b), we upheld an amended order which deleted a requirement that an executor pay a guardian the legal rate of interest in addition to the proceeds of an insurance policy. Upon reconsideration, we believe Judge Walden was correct in his dissent and, therefore, we recede from our holding in In re Estate of Weymer.
Accordingly, the order of March 16, 1978 is quashed and the cause is remanded to the trial court with instructions to reinstate the order of February 16, 1978.
DOWNEY and GLICKSTEIN, JJ., concur.
NOTES
[1] Effective January 1, 1981, Rule 5.020(d), as amended, Fla.R.P. & G.P., provides for motions for rehearing from any order or judgment. In re Florida Rules of Probate and Guardianship Procedure, 387 So.2d 949 (Fla. 1980).
[2] The text of appellee's petition for rehearing is as follows:

(Caption)
PETITION FOR RE-HEARING
ATLANTIC NATIONAL BANK OF JACKSONVILLE, REGIONAL TRUST SERVICE OFFICE, as Guardian for CATHERINE T. BEEMAN, PHYSICALLY INCAPACITATED, moves this Court for a re-hearing on the Petition to Enforce Payment of Attorneys Fees filed by the law firm of ANDREWS, VOORHEIS, LEHRER & BAGGETT, and as grounds therefore says:
1. That the Order entered on said Petition was based upon an alleged contractual obligation between the Petitioners and Catherine T. Beeman, and at the hearing on said Petition, the Petitioner waived his right to proceed on the contract and instead, petitioned for a reasonable fee to be established on a quantum meruit basis. Accordingly, the Court erred in awarding the fee based upon the contract.
2. Having elected to proceed on a quantum meruit basis, the Court failed to find that the attorneys fee was reasonable. Accordingly, the Court erred in awarding such a fee, without a specific finding of reasonableness.
3. The Petitioner's allegation of a contract for the payment of fees and the refusal of the personal representative to abide by the terms of the contract, requires the Petitioner to proceed in an action at law for breach of contract. The Court erred by enforcing the contract without affording the Personal Representative an opportunity to have a jury determine the propriety of said contract and the scope of the terms, conditions and nature of same. 3 Fla.Jur. 402, Section 68, Attorneys at Law, Questions for Court and Jury.
4. The Petition sought to enforce a contract for fees entered into at a time substantially subsequent to the undertaking of the attorney-client relationship and the Petitioner has the affirmative duty to prove that the agreement is fair, reasonable and freely and voluntarily executed with the full understanding of the client, both parties having equal knowledge as to all of the facts and circumstances of the agreement. The Court, failing to find that the fee was reasonable, erred in enforcing the contract. 3 Fla.Jur. 384, Section 52, Attorneys at Law, Contracts Made During Attorney-Client Relation.
WHEREFORE, ATLANTIC NATIONAL BANK OF JACKSONVILLE, Guardian of the property of CATHERINE T. BEEMAN, PHYSICALLY INCAPACITATED, moves this Court for re-hearing.
I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to the following on this 27th day of February, 1978: ANDREWS, VOORHEIS, LEHRER & BAGGETT
Attorneys for Estate
19 Southeast Third Avenue
Ft. Lauderdale, FL 33301
 s/s Robert J. Friedman
 ROBERT J. FRIEDMAN,
 Attorney for ATLANTIC NATIONAL
 BANK OF JACKSONVILLE, Guardian
 of the property of CATHERINE T.
 BEEMAN, Physically Incapacitated.

[3] The stipulated statement of facts accompanying the record on appeal unequivocally demonstrates that appellant did not waive or withdraw its count to enforce the fee contract.