PER CURIAM.
The appellant, one-fifth beneficiary of her late sister’s estate, filed a petition to remove the personal representative alleging that she used undue influence to obtain assets of the deceased during the deceased’s lifetime, that she wrongfully converted assets rightfully belonging to the estate between the date of the death of the decedent and her qualifying as personal representative of the estate, and that she had converted assets of the estate. The trial court dismissed this petition with leave to file a petition to seek recovery of the assets. Such a petition, seeking the recovery of assets, and upon failure of return of assets, removal of the sister as personal representative was filed and served and was duly answered. After no action was taken in the matter for a period in excess of one year the appellee moved to dismiss the proceeding for failure to prosecute, and the trial judge dismissed appellant’s proceeding for lack of prosecution. This appeal ensued.
The appellant contends that her proceeding was nonadversarial citing In re: Estate of Beeman, 391 So.2d 276 (Fla. 4th DCA 1980), and that the appellant never declared the action adversarial pursuant to Florida Rules of Probate and Guardianship, Rule 5.025(b). The nature of the action is adversarial, see Florida Rules of Probate and Guardianship, Rule 5.025(a),[1] as the appel *357 lant sought the return of the assets to the estate plus removal of the personal representative and therefore the matter is subject to dismissal pursuant to Rules of Civil Procedure 1.420(e) for admittingly failing to prosecute within one year.[2]
Therefore we affirm the order under review.
Affirmed.

. Rule 5.025 Adversary Proceedings.
(a) Specific Adversary proceedings. The following shall be adversary proceedings unless *357 otherwise ordered by the court: proceedings to remove a personal representative, surcharge a personal representative, remove a guardian, surcharge a guardian, probate a lost or destroyed will or later-discovered will, determine beneficiaries, construe a will, cancel a devise, partition property for the purposes of distribution, determine pretermitted share, and for revocation of probate of a will. (Emphasis added.)

. Fla.R.P. & G.P. 5.025(d)(2)
(d) Notice and Procedure in Adversary Proceedings.
(2) After service of formal notice, the proceedings, as nearly as practicable, shall be conducted similar to suits of a civil nature and the Florida Rules of Civil Procedure shall govern, including entry of defaults.