ON MOTION TO DISMISS
COPE, Judge.
As the record before us indicates that the proceeding below was conducted as an adversary proceeding pursuant to Florida Probate Rule 5.025, it was governed by the Florida Rules of Civil Procedure. Id. 5.025(d)(2). Appellant's timely motion for rehearing was authorized under Rule 1.530, Florida Rules of Civil Procedure, and suspended rendition of the final order until the motion was disposed of. Fla.R.App.P. 9.020(g). The appeal is timely.
Contrary to appellees’ assumption, the result would be the same in nonadversary proceedings. Since 1981, Florida Probate Rule 5.020(d) has authorized a motion for rehearing of any order or judgment. Id.; see In re Florida Rules of Probate and Guardianship Procedure, 387 So.2d 949 (Fla.1980); In re Estate of Beeman, 391 So.2d 276, 279 & n. 1 (Fla. 4th DCA 1980). A timely motion under Rule 5.020(d) suspends rendition of the order to which it is directed. Fla.R.App.P. 9.020(g). The authority relied on by appellee, In re Estate of Crissey, 286 So.2d 585 (Fla. 4th DCA 1973), was based entirely on the fact that the pre-1981 probate and guardianship rules did not authorize motions for rehearing. In view of the 1981 amendment, Cris-sey is no longer good law.
Motion to dismiss denied.