128 So.2d 142 (1961)
Nita MATHIS, Appellant,
v.
J. Turner BUTLER and William A. Hallowes, III, as Trustees of the property of the Florida East Coast Railway, a Florida corporation, Appellees.
No. 1696.
District Court of Appeal of Florida. Second District.
March 24, 1961.
*143 Miller, Cone, Owen, Wagner & Nugent, West Palm Beach, for appellant.
Scott, McCarthy, Preston, Steel & Gilleland, Miami, and Harold B. Wahl, Jacksonville, for appellees.
GERALD, LYNN, Associate Judge.
The appellant, plaintiff below, brought a wrongful death action against the defendant railroad for the death of her husband. After trial by jury, verdict was returned for the plaintiff in the sum of $15,000. Defendants moved for new trial and the Trial Court entered a remittitur of $5,000 or alternatively granted a new trial. Plaintiff accepted the remittitur but defendant then petitioned for rehearing. At hearing on defendant's petition the Trial Court set aside its original remittitur and ordered a remittitur of $10,000 or alternatively a new trial. Plaintiff refused to accept this remittitur and brings this appeal.
There is no provision in the 1954 Florida Rules of Civil Procedure authorizing petitions for rehearing in actions at law. Section 3.16 of these Rules is applicable to suits in equity only and the Trial Judge did not have jurisdiction to entertain such proceeding after hearing and adjudicating the Motion for New Trial.
The Authors' Comment appended to this section of the Rule appears in Vol. 31 F.S.A., viz.:
"This rule should be compared with Rule 2.8 on motions for new trial since it serves the same purpose in equity. For consistency with the rest of the rules the `petition' should probably have been called a motion to be called up for disposal on notice."
The other assignments have been considered and found to be without merit.
This cause is remanded to the Circuit Court with directions to reinstate the order granting the first remittitur.
Reversed and remanded.
KANNER, Acting Chief Judge, and SHANNON, J., concur.