CARROLL, Judge.
The appellant, who was the defendant below, appeals from an order granting a new *170 trial in an automobile accident case, following a jury trial which resulted in a verdict for the defendant.
One of the two plaintiffs filed a motion for new trial, which the court denied. Thirty-eight days later that plaintiff moved for rehearing of the order denying his motion for new trial. The trial court granted the motion for rehearing, vacated the final judgment and ordered a new trial. The appellant contends (1) that the court committed error in entertaining the motion for rehearing and (2) that the court erred in granting a new trial on the ground assigned which, in substance, was that the jury had failed to follow the court’s instructions and the applicable law. We do not reach a consideration of the merits of the ground for the order because we reverse on the basis of the appellant’s first contention.
The procedural steps after the verdict, which was dated April 26, 1962, were as follows: On May 2, within the time allowed (rule 2.8 F.R.C.P. 31 F.S.A.), the plaintiff John Elliott filed a motion for new trial. On June 8 there were filed the order denying the motion for new trial and the final judgment for the defendant. On July 5 the plaintiff John Elliott appealed. On July 10 the appellate court dismissed the appeal, on Elliott’s motion. On July 16 the plaintiff John Elliott filed his motion for rehearing of the order of June 8 denying his motion for new trial. And on July 20 his motion for rehearing was granted and a new trial ordered.
We hold that in entering the order appealed from the learned trial judge committed error. The plaintiff’s motion for new trial had been considered and denied. The subsequent order granting a new trial was not entered on the court’s own initiative, nor could it have been at that late date.[1] The applicable rules of procedure made no provision for a motion for rehearing in a law action of an order denying a motion for new trial. Assuming, however, that a timely motion for rehearing of such an order in a law action could be accepted and acted on by the trial court (cf. Floyd v. State ex rel. LaVigne Electric Co., Fla. 1962, 139 So.2d 873),[2] it does not follow that the time for such motion would be unlimited. Here the motion for rehearing was served and filed 38 days after the order denying motion for new trial to which it was directed. It would be anomalous to hold that the 10-day time limit, imposed on motions for rehearing which are authorized by the rules of civil procedure, has no application to an uninvited motion for rehearing. See rules 2.8 and 3.16, F.R.C.P.
The order appealed from is reversed and the cause remanded with directions to reinstate the judgment for defendant.

. Under rule 2.8, F.R.C.P., in the form applicable to this case the time within which a trial court could grant a new trial on its own initiative was limited to 10 days after the rendition of verdict.

. The Floyd case dealt with power of the court to act, and not with procedural correctness or error.