177 So.2d 511 (1965)
VOLUMES IN VALUE, INC., an Illinois corporation, Appellant,
v.
BUY MAIL INTERNATIONAL, INC., a Florida corporation, Buy Mail Inc., a Florida corporation, and Ira Levy, Appellees.
No. 64-883.
District Court of Appeal of Florida. Third District.
July 20, 1965.
*512 Litman, Muchnick & Rosenfield, Hollywood, for appellant.
Frank & Strelkow, Miami Beach, and John S. Koch, Miami, for appellees.
Before HENDRY, C.J., and TILLMAN PEARSON and SWANN, JJ.
HENDRY, Chief Judge.
This is an appeal of an order granting a new trial in a case decided by a jury.
Plaintiff-appellant brought suit on various trade acceptances and a written guaranty of one of the defendants. Defendants answered and counterclaimed. Following a jury verdict, returned on June 12, 1964, in favor of plaintiff on its cause, and against the defendants on their counterclaim, defendants, on June 20, 1964, filed a motion for a new trial. On June 25, 1964, the trial court entered an order denying the motion for new trial. On June 30, 1964, defendants filed a motion styled motion to vacate order denying defendant's motion for a new trial. On July 2, 1964, final judgment in accordance with the jury verdict was entered. On August 28, 1964, the trial court entered an order granting defendants' motion to vacate the order denying the motion for a new trial. On October 7, 1964, a hearing was held, and on October 23, 1964 the trial court entered its order granting defendants' motion for a new trial. It is this last order which we are called upon to review.
After a most careful consideration of the record on appeal it is our conclusion that defendants' motion to vacate the order denying the motion for new trial was, in substance, a motion for rehearing of the order denying the motion for new trial.
This court has said that:
"* * * [T]he applicable rules of procedure made no provision for a motion for rehearing in a law action of an order denying a motion for new trial."[1]
We hold that it was error to rehear defendants' motion for new trial. Defendants' proper remedy was by way of appeal. Having elected to proceed in a procedurally unauthorized manner, we have no alternative but that of reversing the order appealed with directions to reinstate the judgment entered on the jury verdict.
Reversed with directions.
NOTES
[1] Lee v. Elliot, Fla.App. 1963, 155 So.2d 169 at 170; see also Mathes v. Butler, Fla.App. 1961, 128 So.2d 142.