CROSS, Judge.
A guardian of the property of a minor appeals from an order entered by the court, sua sponte, amending a prior order.
The minor was the principal beneficiary under the residuary trust created by the last will and testament and codicil of the child’s deceased father.
The father died owning a certain life insurance policy which was payable to the insured’s estate, and said policy was collected by the executor on or about December 12, 1961. The guardian made demand upon the executor for the proceeds of said insurance policy which demand was refused.
The guardian filed a petition in the county judge’s court for the disbursement of said proceeds. Upon hearing the guardian maintained that the proceeds from the insurance policy were not specifically bequeathed and in accordance with F.S.A. § 222.13 were the property of his ward. The guardian further maintained that the proceeds of insurance had not been specifically set aside by the said executor but had been *496 commingled with the general funds of the estate and that the guardian was entitled to said proceeds along with the legal rate of interest since the date they were collected by the executor until the proceeds were disbursed to the guardian. The executor maintained that the proceeds had been specifically bequeathed, or, in the alternate, the executor had complied with the provisions of F.S.A. § 222.13 and the guardian was not entitled to interest or income upon said proceeds of insurance. After the hearing the court entered its order dated March 11, 1965, determining that the life insurance proceeds were not specifically bequeathed; therefore, in accordance with F.S.A. § 222.13 the only surviving child, Susan Jane Weymer (there being no surviving spouse) was entitled to the proceeds along with the legal rate of interest from the date they were received by the executor.
In the March 11, 1965, order the executor was directed to pay to the guardian said proceeds of insurance and interest at the legal rate within ten days. Thereafter, -the guardian received said proceeds of. insurance and several months later received a check for a sum which amount purported to be the interest earned upon said proceeds of insurance by the executor for the period December 12, 1961, the date it received the same, to April 12, 1965, the date it paid the same.
The guardian failing to receive the full amount of interest computed at six per cent filed a motion on July 28, 1965, to enforce the court’s order dated March 11, 1965, alleging that, in accordance with the court’s order, the guardian was entitled to receive interest in the amount of the legal rate. Upon hearing on said motion to enforce the court’s order the court, sua sponte, amended the order dated March 11, 1965, and entered an amended order dated September 16, 1965, which order is the- subject matter of this appeal. The amended order provided that the executor was only required to pay the earnings it had received upon said life insurance proceeds rather than the legal rate of interest it had heretofore directed the executor to pay in its order of March 11, 1965.
From the foregoing the appellant contends that the county judge’s order of March 11, 1965, was a final order and that the court was without jurisdiction to enter an amended order on September 16, 1965, since the time for corrective action and appeal had expired. This contention is without merit. Fla.R.Civ.P. 1.540(b), 30 F.S.A. (formerly Rule 1.38(b)) grants relief from judgment, decree or order for a period of not more than one year after judgment, decree, order or proceeding was entered or taken when such final judgment, decree, order or proceeding has been entered by mistake, inadvertence, surprise, or excusable neglect.
When the court on September 16, 1965, sua sponte, entered an amended order for the purpose of more clearly defining the court’s intent it revised its previous order because it inadvertently penalized the executor. This oversight was corrected by the court upon reflection and in the furtherance of the interest of justice. A decision is inadvertent if it is the result of oversight, neglect or accident as distinguished from judicial error.
The Florida courts have not passed on the question of whether a court may act of its own motion under Rule 1.540 (formerly Rule 1.38) of the 1967 Fla.R.Civ.P., which in all material respects is identical with Rule 60(b) of the Fed.R.Civ.P. In United States v. Jacobs, 4 C.A.1961, 298 F.2d 469, the federal court held that the rule does not deprive' the court of the power to act in the interest of justice in a case in which its attention has been directed to the necessity for relief by means other than a motion, citing the comment of Prof. Moore in footnote 5 of page 3883, Vol. 6 Moore, Federal Practice Sec. 59.12 (4) (2d ed. 1953), wherein it is stated that a court can presumably act on its own initiative to give substantive relief under Fed.R. Civ.P. 60(b). See Polster v. General Guar *497 anty Mortgage Company, Fla.App.1965, 180 So.2d 484.
We now align ourselves with the rulings promulgated by the federal courts.
Affirmed.
ANDREWS, J., concurs.
WALDEN, C. J., dissents.