215 So.2d 27 (1968)
Michael A. DePADRO, Jr., and Anne T. DePadro, Appellants,
v.
Howard G. MOORE, a Minor, by and through His Father and Next Friend, David S. Moore, and David S. Moore, Individually, Appellees.
No. 997.
District Court of Appeal of Florida. Fourth District.
October 25, 1968.
Eugene L. Heinrich, of McCune, Hiaasen, Crum & Ferris, Fort Lauderdale, for appellants.
Richard G. Gordon, of Carey, Dwyer, Austin, Cole & Selwood, Fort Lauderdale, for appellees.
OWEN, Judge.
Defendants appeal two post-trial orders, one granting plaintiffs' motion for a new trial, and the other [rendered the same date] vacating a prior order of the court which had denied plaintiffs' motion for a new trial.
*28 The sole point raised by appellants is whether the trial court, after denying a motion for new trial, may subsequently consider a motion or petition for rehearing and thereupon vacate the prior order and enter an order granting the motion for new trial. We find that the court did not commit error in this regard and therefore affirm.
When the trial court has considered on its merits a timely motion for new trial, and thereafter enters its order denying such motion, the court has no authority to entertain or consider a subsequently filed motion or petition for rehearing which merely asks the court to reconsider the same matter. Mathis v. Butler, Fla.App. 1961, 128 So.2d 142; Lee v. Elliott, Fla.App. 1963, 155 So.2d 169; Volumes in Value, Inc. v. Buy Mail International, Inc., Fla.App. 1965, 177 So.2d 511. In the instant case, however, the record adequately establishes that the order denying plaintiffs' motion for new trial was not a denial based upon the merits, but rather was brought about through mistake or excusable neglect of counsel, thereby giving the court jurisdiction under F.R.C.P. 1.38(b), 1954, (now F.R.C.P. 1.540(b), 31 F.S.A.) to entertain and rule on such motion or petition for rehearing. Evans v. Hydeman, Fla.App. 1964, 168 So.2d 183.
The trial of this personal injury action resulted in verdicts for the minor plaintiff and his father which the plaintiffs felt to be inadequate. They thereupon filed timely motion for new trial on this ground. The Honorable James H. Walden was the trial judge but prior to hearing on plaintiffs' motion for new trial, Judge Walden became a member of this court. He was succeeded on the Circuit Court by the Honorable James F. Minnet before whom the motion for new trial was set for hearing. At such hearing Judge Minnet announced his intention to grant the motion but then decided that since he was not the trial judge, he should review a transcript of the trial proceedings before ruling on the motion. He requested the parties to arrange for a transcript of the trial proceedings to be furnished him unless thereafter the parties were successful in compromising the matter. After several months had transpired without a transcript being furnished to him, Judge Minnet entered his order under date of June 2, 1966, without notice to the parties, the order reciting the foregoing matters, and denying the motion for new trial. Promptly thereafter plaintiffs filed the motion for rehearing suggesting that the expense of preparing a transcript of the trial proceedings had been the reason for failure to furnish the same to the court. Within a month thereafter the transcript was prepared and furnished to the court, following which the court entered its order of July 13, 1966, vacating the order of June 2, and on the same date entered its order granting plaintiffs' motion for new trial.
It is clear from the record that the court's order of June 2 denying plaintiffs' motion for new trial was not a denial on the merits. In fact, the order stated that the court's initial impression as announced at the hearing was to grant the motion, but that ruling was deferred pending receipt of transcript of the trial proceedings. When the order of June 2 was entered the transcript had not been received by the judge and it is manifestly clear that the motion for new trial was denied because the transcript had not been furnished. Irrespective of whether the trial court was under the mistaken belief that the matter was not going to be further pursued, or whether plaintiffs' counsel was under the mistaken belief that he had ample time to complete the matter, or whether plaintiffs' counsel was guilty of excusable neglect in not arranging for earlier delivery of the transcript, the trial court had adequate basis under F.R.C.P. 1.38(b) to enter the subsequent order relieving plaintiffs from the order of June 2 which had denied their motion for new trial.
The same point is argued by appellants in their attack on the order granting plaintiffs' *29 motion for new trial. The orders appealed are affirmed.
Affirmed.
McCAIN, J., and PATTERSON, WILLIAM A., Associate Judge, concur.