296 So.2d 79 (1974)
Ollis BURTON, Appellant,
v.
STATE of Florida, Appellee.
No. 73-107.
District Court of Appeal of Florida, Fourth District.
April 26, 1974.
Rehearing Denied May 28, 1974.
Richard L. Jorandby, Public Defender, Albert R. Wilber, Jr., Sp. Asst. Public Defender, and Bruce J. Daniels, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie Bernard, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Chief Judge.
A jury found appellant guilty of manslaughter, but a timely filed motion for new trial on the grounds of newly discovered evidence was granted. Thereafter, upon the State's petition for rehearing, the order granting a new trial was vacated and the motion for new trial was denied. Appellant was subsequently adjudged guilty and sentenced.
Appellant urges (1) that the trial court had no authority to entertain the State's petition for rehearing after the court entered an order granting the motion for new trial, or alternatively, (2) that the vacating of the order granting the new trial was an abuse of discretion in view of the material nature of the newly discovered evidence.
The rules of criminal procedure provide for the granting of a new trial (Rule 3.580, 33 F.S.A.), the time and method of making such motion (Rule 3.590) and the grounds upon which a new trial may be granted (Rule 3.600). Our attention has not been directed toward any provision in the rules for the filing of a motion or petition for *80 rehearing directed to an order granting or denying a timely filed motion for new trial. The problem thus presented is the criminal procedure counterpart to the problem so often encountered and discussed under rules of criminal procedure, i.e., the conflict between the inherent power of a court of record to control its own judgments until its jurisdiction is lost by the passage of time and the power of a court of record to consider and act upon a motion or a petition for rehearing directed to an interlocutory order where the same is not authorized by the rules of procedure. Many of the cases touching upon this problem are discussed by Justice McCain in the case of Wagner v. Bieley, Wagner and Associates, Inc., Fla. 1972, 263 So.2d 1, and by Justice Thomas in the case of Floyd v. State ex rel. La Vigne Electric Company, Fla. 1962, 139 So.2d 873. Directly on point (in the civil procedure counterpart), this court held in DePadro v. Moore, Fla.App. 1968, 215 So.2d 27 that when the trial court has considered on its merits a timely motion for a new trial and thereafter enters its order, the court has no authority to entertain or consider a subsequently filed motion or petition for rehearing which merely asks the court to reconsider the same matter, (citing Mathis v. Butler, Fla. App. 1961, 128 So.2d 142; Lee v. Elliott, Fla.App. 1963, 155 So.2d 169; Volumes in Value, Inc. v. Buy Mail International, Inc., Fla.App. 1965, 177 So.2d 511).
Appellant advises us that the question of whether a trial judge in a criminal case is vested with the power to vacate a prior order granting a new trial is one of first impression in this jurisdiction. We accept this as correct since our attention has not been drawn to any cases from this jurisdiction dealing with this subject. The trial court relied upon the case of Fine v. Commonwealth, 312 Mass. 252, 44 N.E.2d 659 (1942), which recognized the power of the trial court to rehear and redecide a motion for a new trial that had been either denied or granted.[1] On the other hand, appellant cites State v. Lubosky, 59 R.I. 493, 196 A. 395 (1938) and Alexander v. State, 129 Tex.Cr.R. 500, 89 S.W.2d 411 (1936) as authority for the proposition that once the trial court has entered an order on a criminal defendant's timely filed motion for a new trial, such order is final and the trial court no longer has jurisdiction to vacate such order upon motion or petition for rehearing. Other cases dealing with the power of the trial court to revoke an order granting a new trial in criminal cases are collected in the annotation at 145 A.L.R. 400.
A defendant moving for a new trial under the provisions of Rule 3.590, R.Cr.P. has only a limited time within which to do so. When a defendant has met that burden it does not seem unreasonable to require the State to be prepared to refute the allegations of the motion at the hearing on the motion.[2] To permit the State to file a motion or petition for rehearing after the court has entered its order granting the motion for new trial presents the possibility of an endless procedure because presumably, if such is allowed and the State is successful on its petition for rehearing, defendant may then petition for a further rehearing and on and on, with no finality to the matter. We think the better rule is simply this: where a defendant has timely moved for a new trial and the matter has been heard upon the merits and thereafter an order entered either granting or denying the motion, absent fraud or clerical error the court is without authority to entertain or consider a petition for rehearing addressed to such order. If the State is aggrieved by the order, it may appeal from it. If the defendant is aggrieved, he may assign such order as error upon a timely appeal from the *81 judgment and sentence. In either event, the order has a finality to it, which is as it should be.
Because we conclude that the court did not have the authority to entertain the petition for rehearing directed to its order granting defendant's motion for new trial, we do not reach the question of whether on the merits of the motion the court abused its discretion in vacating the order which had theretofore granted the new trial. The order appealed is reversed and this cause remanded with instructions to grant appellant a new trial.
Reversed and remanded.
WALDEN, J., and GONZALEZ, Jr., JOSE A., Associate Judge, concur.
NOTES
[1] In the Fine case, supra, the Massachusetts court reached its decision by analogizing its rule in civil procedure which permitted the trial court to reconsider an order entered on a motion for new trial. As we have noted above, the trial courts in this jurisdiction do not have such authority in civil causes.
[2] In this case the hearing was fifteen days after the motion was filed.