OWEN, Chief Judge.
It appears that the notice of appeal in this cause was not timely filed and, therefore, we must dismiss the appeal for lack of jurisdiction.
A jury verdict was returned on May 22, 1972, in favor of defendants-appellees. Appellant filed a timely motion for new trial. A final judgment for the defendants, reciting therein that the plaintiff’s motion for new trial was thereby denied, was filed September 28, 1972. The following day the judgment was assigned a book and page and duly recorded this being the rendition date. Rule 1.3, F.A.R. Thereafter, on October 4, 1972, plaintiff filed a motion for rehearing of the denial of her motion for new trial. The motion for rehearing was denied by order entered November 12, 1973. Notice of appeal was filed within thirty (30) days of this latter date.
 The rules make no provision for a motion for rehearing addressed to an order denying on the merits a proper and *203 timely filed motion for new trial[1] and, thus, appellant’s motion for rehearing filed October 4, 1972, did not have the effect of tolling the rendition date of the final judgment.[2] The notice of appeal, having been filed more than thirty (30) days after the rendition date, was untimely and therefore this court lacks jurisdiction of the appeal.[3]
Gratuitously, we observe that appellant has shown no error in the order denying her motion for new trial, the sole point raised on appeal.
Appeal dismissed.
DOWNEY, J., and SEAY, RUSSELL E., Jr., Associate Judge, concur.

. Lee v. Elliott, Fla.App.1963, 155 So.2d 169; Volumes in Value, Inc. v. Buy Mail International, Inc., Fla.App.1965, 177 So.2d 511; and DePadro v. Moore, Fla.App.1968, 215 So.2d 27.

. Wagner v. Bieley, Wagner & Associates, Inc., Fla.1972, 263 So.2d 1.

. State ex rel. Diamond Berk Ins. Agency v. Carroll, Fla.1958, 102 So.2d 129.