315 So.2d 492 (1975)
FIBER CRETE HOMES, INC., et al., Appellants,
v.
DIVISION OF ADMINISTRATION, STATE OF FLORIDA, DEPARTMENT OF TRANSPORTATION, Appellee.
Nos. 74-1173, 74-1180.
District Court of Appeal of Florida, Fourth District.
June 27, 1975.
Anne C. Booth, of Hall & Booth, Tallahassee, Toby Prince Brigham, Miami, and Patrick L. Bailey, of Sullivan, Cochran, Ranaghan & Bailey, Pompano Beach, for appellants.
Winifred Sheridan Smallwood, Atty., and Geoffrey B. Dobson, Gen. Counsel, Dept. of Transp., Tallahassee, for appellee.
MAGER, Judge.
These are consolidated appeals by Fiber Crete Homes, Inc., defendants below, from an order granting motions for a new trial to the Department of Administration, plaintiff below.
Pursuant to eminent domain proceedings instituted by the plaintiff, final judgments were rendered on January 24, 1974 in favor of the defendant as to certain parcels (553 and 337). Within ten days thereafter plaintiff filed motions for new trial as to parcels 553 and 337 which the trial court subsequently denied on July 10, 1974.
*493 On July 22, 1974, plaintiff filed a motion for "limited rehearing of new trial motion" as to parcels 553 and 337, calling the court's attention to the case Behm v. Division of Admin., State, Dept. of Transp., Fla.App. 1974, 292 So.2d 437, decided March 29, 1974. The court denied plaintiff's motion for a limited rehearing but proceeded sua sponte under Rule 1.540(b), F.R.C.P., to amend its orders on rehearing of July 10, 1974, granting new trials as to parcels 553 and 337 based upon the Behm case. Defendants seek review of this order.
Upon due consideration of the pertinent rules of civil procedure and the applicable judicial authorities we are of the opinion that the able and learned trial judge erred in amending his prior orders denying plaintiff's motion for new trial inasmuch as such order was beyond the power and jurisdiction of the court.
The trial court correctly recognized that it had no authority to entertain or consider a subsequently filed motion or petition for rehearing directed to a denial of a new trial. DePadro v. Moore, Fla.App. 1968, 215 So.2d 27; Volumes in Value, Inc. v. Buy Mail International, Inc., Fla. App. 1965, 177 So.2d 511. Simply stated, there is no provision in the rules of civil procedure for a rehearing of a denial of a motion for a new trial and rehearing. The trial court, therefore, appropriately denied plaintiff's motions "for limited rehearing".
However, the court then proceeded on its own motion to grant a new trial under Rule 1.540(b) predicating its action on the authority of In re Estate of Weymer, Fla.App. 1967, 199 So.2d 495. While the Weymer case stands for the proposition that a court may act of its own motion under Rule 1.540(b); nevertheless, the court can do so only for those reasons and under such circumstances as set forth in the rule.[1] The trial court's order does not set forth the specific reasons for granting relief as delineated in Rule 1.540(b); it appears, however, that the judge's order was traveling upon the premise that the final judgment was based upon "mistake, inadvertence, surprise or excusable neglect," apparently occasioned by the court's subsequent discovery (and interpretation) of the decision in Behm, supra.[2] In essence, however, the trial judge sought to utilize Rule 1.540(b) to correct what he perceived to be a "mistaken view of the law".
Rule 1.540 was intended to provide relief from judgments, decrees or orders under a limited set of circumstances; it was neither intended to serve as a substitute for the new trial mechanism prescribed by Rule 1.530 nor as a substitute for appellate review of judicial error. Kuykendall v. Kuykendall, Fla.App. 1974, 301 So.2d 466; Constant v. Tillitson, Fla.App. 1968, 214 So.2d 91; Volumes in Value, Inc., supra. As was observed in Weymer, supra, "a decision is inadvertent if it is the result of oversight, neglect or accident as distinguished from judicial error".
It appears that the trial court's sua sponte order (after its denial of rehearing) was an effort on its part to grant relief from a final judgment because of what the trial court perceived to be a judicial error as distinguished from "mistake, inadvertence, *494 surprise or excusable neglect".[3] To sanction such a modification and utilization of Rule 1.540(b) would not only be contrary to the purpose of that rule but, additionally, would adversely affect the concept of "finality" of any judgment or order.
It follows, therefore, that the order of July 10, 1974, granting a new trial is a nullity and, accordingly, is vacated and set aside. The cause is remanded with directions to reinstate the final judgments previously entered.
Reversed and remanded.
WALDEN, J., and GRIDLEY, WILLIAM C., Associate Judge, concur.
NOTES
[1] The Authors' Comment to Rule 1.540 summarizes the purpose and function of the rule as follows:

"... Subsection (a) relating to clerical mistakes includes only errors or mistakes arising from accidental slip or omission and not errors or mistakes in the substance of what is decide by the judgment or order... .
"Subsection (b) provides for motion practice to relieve a party upon such terms as are just from a final judgment, decree, order, or proceeding on five specified grounds, whereas the comparable Federal Rule provides for an additional reason whenever it justifies relief from operation of the judgment."
[2] It is interesting to note that the Behm decision was rendered on March 29, 1974, subsequent to the filing of plaintiff's motions for new trial and rehearing on February 4, 1974, but prior to the court's denial of plaintiff's motions on July 10, 1974.
[3] Nothing herein is intended to decide the correctness or not of the trial judge's interpretation of the Behm case. The basis for the instant decision is this court's interpretation of the function of Rule 1.540(b) which we find to have been erroneously applied.