429 So.2d 1255 (1983)
Inaky MARKEVITCH and Serena Markevitch, Appellants,
v.
Frances VAN HARREN, Appellee.
No. 83-549.
District Court of Appeal of Florida, Third District.
March 30, 1983.
On Rehearing May 3, 1983.
Horton, Perse & Ginsberg and Mallory H. Horton, Miami, for appellants.
*1256 Spear & Hoffman and L. Joseph Hoffman, Miami, for appellee.
Before BASKIN, DANIEL S. PEARSON and JORGENSON, JJ.

ON MOTION FOR REHEARING
PER CURIAM.
We granted the appellants' motion for rehearing to reconsider our earlier dismissal of their appeal. Upon reconsideration, we conclude that the notice of appeal was not timely filed and adhere to our ruling dismissing the appeal.
The facts are these. The trial court entered final judgment against the plaintiffs-appellants on November 1, 1982. On November 15, 1982, they filed a timely motion for rehearing. On November 19, 1982, the appellants, through new counsel, filed a second motion for rehearing. Three days later, on November 22, 1982, the trial court entered an "Order Denying Plaintiffs' Motion for Rehearing." On December 15, 1982, the trial court entered an order granting the appellants' motion for rehearing and set the cause to be reheard in January 1983. On February 1, 1983, the trial court entered its second order denying rehearing. On March 3, 1983, within thirty days of this last order, the appellants filed their notice of appeal.
It is obvious to us that the trial court lost jurisdiction of this cause on November 22, 1982, when it entered its order denying plaintiffs' motion for rehearing, Shelby Mutual Ins. Co. of Shelby, Ohio v. Pearson, 236 So.2d 1 (Fla. 1970); Kippy Corp. v. Colburn, 177 So.2d 193 (Fla. 1965), and only a timely appeal from that order would vest jurisdiction in this court. Assuming, as the appellants argue, that their second motion for rehearing merely amended the first and was a permissible pleading, see Fla.R.Civ.P. 1.530(b) ("A timely motion may be amended to state new grounds in the discretion of the court at any time before the motion is determined"); Adkins v. Burdeshaw, 220 So.2d 39 (Fla. 1st DCA 1969), then the contentions contained therein, along with the contentions made in the initial motion for rehearing, were ruled upon when the trial court denied rehearing on November 22, 1982. Assuming, on the other hand, that the second motion for rehearing was not an amendment to the first, but had a life of its own [a highly questionable proposition in light of there being no provision authorizing more than one motion for rehearing from a final judgment, Fla.R.Civ.P. 1.530; see Volumes In Value, Inc., v. Buy Mail International, Inc., 177 So.2d 511 (Fla. 3d DCA 1965); see also State v. Morris, 359 So.2d 478 (Fla. 1st DCA 1978); Reilly v. Hyster, 307 So.2d 202 (Fla. 4th DCA 1975)], then it clearly was untimely as being filed more than ten days after the final judgment, Fla.R.Civ.P. 1.530(b). Thus, no matter what view is taken of the appellants' November 19, 1982, motion for rehearing, either the trial court's jurisdiction was exhausted when it denied rehearing or the trial court's jurisdiction was never invoked by the untimely motion. Either way, a notice of appeal was required to be filed within thirty days of November 22. That not having been done, the appeal must stand dismissed.