DANIEL S. PEARSON, Judge.
When these parties were first before us, we dismissed the Markevitches’ appeal in Case No. 83-549. We concluded that when on November 22, 1982, the trial court denied the Markevitches’ motion for rehearing, it lost jurisdiction to enter further orders on the motion for rehearing. Therefore, the Markevitches’ appeal taken after a second order denying rehearing entered on February 1, 1983, although timely as to that order, was untimely as to the order of November 22, 1982, and ineffective to invoke our jurisdiction. See Markevitch v. Van Harren, 429 So.2d 1255 (Fla. 3d DCA 1983). Thereafter, in July 1983, the trial court, pursuant to the Mar-kevitches’ motion for relief under Florida Rule of Civil Procedure 1.540(b), set aside its November 22, 1982, order denying rehearing. This action by the trial court had the effect of leaving the February 1, 1983, order as the only one disposing of the rehearing motion and, in turn, making the timely notice of appeal taken from that order effective to invoke our jurisdiction. Thus, upon the Markevitches’ request, we reinstated their appeal.
Van Harren now appeals from the trial court’s Rule 1.540(b) order, contending that the record does not support that the November 22, 1982, order denying rehearing was entered by mistake, error or inadvertence of the type contemplated by Rule 1.540(b).[1] We agree with this contention, *333 reverse the order under review, and by separate order dismiss the Markevitches’ appeal in Case No. 83-549.
The order under review states in pertinent part:
“The Court has considered the Plaintiffs’ Petition for Relief, the exhibits, including the Affidavits of former attorneys for the Plaintiffs and the court file, and concludes that the Order of November 22, 1982 was entered by mistake, error or inadvertence.
“The first Petition for Rehearing filed by attorney, Bruce Scheinberg, on behalf of the Plaintiffs on November 16, 1982, was denied by this Court’s Order of November 22,1982. When the Order of November 22, 1982 was entered, the Court was unaware of the fact that a second Petition for Rehearing had been filed by attorney, Nelan Sweet, on November 19, 1982. The Petition for Rehearing filed by attorney Sweet was not in the Court file at the time of the entry of the Order of November 22, 1982.
“Because of the wording and the particular method of setting forth the grounds in attorney Sweet’s Petition for Rehearing, the Court would not have entered the Order of November 22, 1982, had it been aware of Mr. Sweet’s Petition for Rehearing and had it read the contents thereof. As evidence of this is that when the Court became aware of the contents of the second Petition for Rehearing filed by attorney Sweet, it granted the second Petition to the extent set forth in the Court’s Order of February 1, 1983.
“Subsequent to the entry of the Order of November 22, 1982, the Court conducted a hearing on the second Petition for Rehearing on December 15, 1982, granting Petition for Rehearing, setting the matter for hearing on January 5, 1983, and at the same time cancelled the scheduled foreclosure sale of the property involved.
“The Court is aware of the fact that an appeal was attempted to be taken from the Final Judgment of Foreclosure by Plaintiffs who relied upon this Court’s action in connection with the denial of the Petition for Rehearing in part and the granting of same in part on February 1, 1983.
“The Court concludes that the Order of November 22, 1982 was entered in error and mistake, and has subsequently resulted in the denial to the Plaintiffs of the right of appeal from the Final Judgment of Mortgage Foreclosure.”
In essence, then, the trial court’s inadvertence or mistake is that it “would not have entered the Order of November 22, 1982, had it been aware of Mr. Sweet’s Petition for Rehearing and had it read the contents thereof.” Assuming, arguendo, that a trial court’s lack of awareness of a second and substantially different petition for rehearing could constitute a mistake or inadvertence entitling one to Rule 1.540(b) relief from an order denying rehearing, it is clear to us that the trial court’s lack of awareness of a second and substantially identical petition for rehearing could not. The initial petition for rehearing which the trial court denied set forth as grounds:
“That the decision in favor of the Defendant is contrary to the evidence and to law as indicated herein:
“A. The Court overlooked or failed to consider the fact that the Defendant sought equity when the Defendant did not do equity in failing to either make proper timely demand for insurance coverage from the Plaintiffs or reimbursement therefore from the Plaintiffs or to transfer the Defendant’s insurance policy on the subject hotel to the Plaintiffs upon Plaintiffs’ timely written demand to do so.
*334 “B. The Court overlooked the fact or failed to consider the fact that documents introduced into evidence established duplicate coverage, one policy being held by the Plaintiffs and one .policy being held by the Defendants with the same insurance carrier on the same structure, during the period of time immediately preceding the cancellation of Plaintiffs’ insurance policy by its carrier. From said circumstances, the court could have and should have reasonably drawn the conclusion that before Defendant’s action in obtaining said duplicate policy with the same insurance company, Plaintiffs’ policy would not have been can-celled.
“C. As a result of the Final Judgment entered in this case, the Defendant is unjustly enriched by virtue of being permitted a double recovery to-wit: insurance proceeds and mortgage proceeds contrary to all principles of equity under the circumstances and facts at issue.
“D. That the evidence introduced by the Plaintiffs demonstrate an attempt by the Plaintiffs to be fair and equitable in their dealings with the Defendant, including but not limited to Plaintiffs’ continuing to pay the mortgage payments in excess of a year after the destruction of the property and that Florida law does not require or mandate foreclosure under these circumstances but permits the Court to deny foreclosure and reinstate the mortgage which would be the proper result in this situation.”
Sweet’s petition for rehearing, upon which the trial court looked favorably, simply says:
“1. That the judgment is contrary to the law.
“2. That the judgment is contrary to the facts.
“3. That the judgment is contrary to the law and facts.
“4. That the Court erred in denying the Plaintiff’s prayer for relief in that as a result that the insurance claim the Defendant recovered approximately the amount of the unpaid balance due on the Mortgage and that to deny the Plaintiffs their prayer to have the Mortgage can-celled in effect allows the Defendant to recover windfall profits to which he is not entitled.
“5. The Court erred in ordering the foreclosure sale of the property since the Plaintiffs acted in good faith in assuming that the Mortgage should be satisfied since the Defendant recovered the amount of the unpaid balance of her Mortgage through insurance claims and that foreclosure being an equitable proceeding it would be an inequitable [sic] to allow the Defendant to recover the total amount of the Mortgage that she held and at the same time with the property which gave rise to the Mortgage.”
Sweet’s petition merely calls to the attention of the trial court the alleged inequity of permitting the defendant to recover the insurance proceeds as well as the mortgage amounts. The earlier petition did the same and more. Thus, we are compelled to conclude that the trial court, upon further deliberation, decided that its earlier ruling denying the petition for rehearing was in error. Whether it was or not is not material here; what is material is that judicial error in disposing of a petition for rehearing can be corrected only through a timely-taken appeal, not by a Rule 1.540(b) motion. Shelby Mutual Insurance Company of Shelby, Ohio v. Pearson, 236 So.2d 1 (Fla.1970); Fiber Crete Homes, Inc. v. Division of Administration, Department of Transportation, 315 So.2d 492 (Fla. 4th DCA 1975).[2]
Reversed and remanded with directions to reinstate the order of November 22, 1982, and vacate all subsequent orders pertaining to the petition for rehearing.

. The Markevitches argue that our reinstatement of the appeal necessarily determined that the trial court’s grant of relief under Rule 1.540(b) was proper and established the law of *333 the case. While it is true that Van Harren opposed reinstatement of the Markevitches’ appeal on the very grounds urged on the present appeal, our reinstatement of the appeal was simply a determination that the November 22, 1982, order having been set aside, the appeal from the order of February 1, 1983, was thereby rendered timely. The propriety of the trial court's action in granting the Rule 1.540(b) relief was left for determination on an appeal from that action, which issue is now before us.

. This is not a case where the trial judge intended to grant the petition for rehearing and inadvertently signed an incorrect order submitted to him. See, e.g., Marx v. Redd, 368 So.2d 101 (Fla. 4th DCA 1979). Indeed, the November 22, 1982, order in question was prepared by the trial judge himself.