## SUNSHINE STATE DIESEL, INC. v SLOCUM

Case No. 85-361 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

October 14, 1986

### APPEARANCES OF COUNSEL

**Angelo P. Demos** for appellant.

**Hubert G. Roberts** for appellee.

Before HENDERSON, SALMON, MASTOS, JJ.

### OPINION OF THE COURT

MICHAEL H. SALMON, Judge.

This is an appeal of an order granting a motion to set aside a default judgment. The appellant brought the suit to recover payment for certain repair services. The appellee answered and counterclaimed, but failed to comply with pre-trial conference orders. The Court entered a default judgment after the appellee failed to appear for a pre-trial conference whereupon the appellee obtained counsel and filed a motion to set aside default judgment that same day, July 11, 1985. On August 14, 1985, the Court denied the motion, commenting that the motion was not verified, nor did it includes grounds upon which a default might be set aside. Appellee then filed a motion styled "Verified Motion for Rehearing to Set Aside Default" on August 23, 1985. The Court granted the order setting aside the default on October 22, 1985, and also awarded reasonable attorney's fees and costs. It is this order which we are asked to review.

After considering the record on appeal, particularly the appellee's two motions to set aside the default judgment, we are of the opinion that while the motions are styled differently, they are alike in substance. Therefore, because the lower court denied appellee's first motion, it lost jurisdiction over the case and improperly heard the second motion. The Third DCA has repeatedly said that "the applicable rules of procedure make no provision for a motion for rehearing in a law action of an order denying a motion for new trial." *Volumes in Value, Inc. v. Buy Mail International, Inc.*, 177 So. 2d 511 (Fla. 3d DCA 1965), *Lee v. Elliot*, 155 So.2d 169 (Fla. 3d DCA 1963). The appellee proceeded in a procedurally unauthorized manner. His proper remedy was by way of a timely appeal. *Markevitch v. Van Harren*, 429 So.2d 1255 (Fla. 3d DCA 1983).

Because the lower court had already exhausted its jurisdiction over the case when it heard appellee's second motion, it follows that the order of October 21, 1985, setting aside the default and awarding attorneys fees and costs is a nullity and is vacated accordingly. This cause is remanded with directions to reinstate the final judgment previously entered.

Reversed.

HENDERSON and MASTOS, JJ., concur.