## ALLSTATE INSURANCE COMPANY, etc. v IMPERIAL CAB COMPANY, et al.

Case No. 87-128AP (County Court Case No. 86-10859CC05)

Eleventh Judicial Circuit, Appellate Division, Dade County

November 2, 1987

### APPEARANCES OF COUNSEL

**Stephen C. Shenkman** for appellant.

**Michael S. Kaufman** for appellee.

Before NADLER, FEDER, SHAPIRO, JJ.

### OPINION OF THE COURT

FEDER, Judge.

The within appeal is from the granting of a "Corrected Motion to Vacate Default". We reverse.

It is Black letter law that a Court cannot set aside a properly entered Default without the two-pronged proof of a meritorious defense *and* excusable neglect. *North Shore Hospital, Inc. v. Barber,* 143 So.2d 849 (Fla. 1962).

Herein, Default Judgment was entered on October 6, 1986 (and the individual appellee had notice thereof and actually attended that hearing). Two days *later* counsel filed a Notice of Appearance for both appellees (a pleading that does not exist and has no legal efficacy whatsoever). Five months later, an "Emergency Ex-Parte Motion to Vacate Default" was filed and denied. A subsequent "Corrected Motion to Vacate Default" was filed and granted by another Judge. This appeal ensued.

The difference between the two Motions is the omission from the later filed one of a claim for emergency ex-parte relief on the grounds that the individual defendant lost his license and was about to lose his job.

Nowhere in either motion is there any factual allegation of excusable neglect, other than a statement that "I was unaware of the need to file written defenses." Ignorance of the law may be neglectful, but not excusable.

Nowhere is there a factual recitation of a meritorious defense, other than "I offered oral defenses to the Complaint", the nature of which shall remain as enigmatic as the Sphinx.

The lack of either prong is terminally calamitous; the lack of both, fatally disastrous.

In addition, comment seems appropriate on the use of successive Motions to vacate a default. Unfortunately for the appellees, the bromide of "If at first you don't succeed, try, try again" has no legal application to a Motion to Vacate a Default. The remedy is a Petition for Rehearing addressed to the *same* Judge on grounds overlooked by the Court originally and within the time period provided by the Rules of Civil Procedure; or an appeal to this Court. See R.c.P. 1.540; *Van Harren v. Markevitch,* 447 So.2d 332 (Fla. 3d DCA 1984) review denied 456 So.2d 1182 (Fla. 1984).

For the reasons expressed, the Order Granting the Corrected Motion to Vacate Default must be reversed and the Default Judgment reinstated.