FARMER, Judge.
We review an order denying relief under rule 1.540(b). The motion that led to the order sought to have the court vacate an earlier final order and re-enter it so as to allow for a timely notice of appeal of that final order. The motion was grounded on the fact that when the final order was received from the court in the mail, a member of the attorney’s clerical staff misfiled the document, thus preventing the office’s established system of docketing and follow up from being timely and properly employed. If it had been, the attorney swore, the notice of appeal would have been filed within the thirty day period prescribed by rule.
The trial judge denied the second rule 1.540(b) motion because she felt that she had lost jurisdiction to do so. Her belief arose from her conclusion that the proceeding that led to the motion was itself based on a motion for rehearing. We disagree with that conclusion. Under the unique facts of this case we decide that she had jurisdiction to consider the merits of the second rule 1.540(b) motion, which stated a prima facie basis for relief.
Alliance held the first mortgage and the Nichols held the second mortgage on property owned by the Hepworths. When the property was severely damaged in a fire, the casualty insurer agreed to pay the loss. The Hepworths objected to the two mortgagees receiving the proceeds, insisting *575 that they should share in the payment. Ultimately the carrier was joined in the foreclosure action. At some point later, counsel for Nichols believed that he had negotiated a settlement with Alliance, whereby Alliance would receive the entire insurance proceeds, and the Nichols would receive a title to the property free from the Alliance mortgage.
At this point, Nichols’ counsel says that Alliance returned to court without a word to him and moved for a summary judgment. Because Alliance used an old address in the motion and notice, counsel for Nichols never received the papers, not to mention the entry of judgment or the sale under the final judgment of foreclosure. Eventually a sale was held, and the clerk issued a certificate of title to Alliance in November 1989.
In October 1990, counsel for the Nichols learned what had happened and moved under rule 1.540(b) to set aside the judgment and sale on the grounds that it was void for lack of notice. He swore under oath that the motion papers were sent to a two-year old address and that he had long since filed papers in this action showing his current office location. The record does show later papers from him at the new address. After a hearing on the matter, the court entered an order on February 25, 1991, denying appellants’ motion without explaining its reasoning.
A properly addressed copy of the court’s order arrived at the office of Nichols’ counsel, but as luck would have it, a temporary clerk placed the order in a new and different file folder without showing it to counsel or calling his attention to its arrival. Consequently, no one diaried the order for filing the notice of appeal and no notice of appeal was filed within thirty days of entry.
After some time had passed without his seeing the order, counsel had his paralegal telephone the chambers of the assigned judge to learn the current status. Counsel swears that the judge’s staff told her that the order had not been entered, when in fact it already had. The clerk of court’s staff also told the paralegal that no order had been docketed. During a periodic review of his office files some two months after the entry of the order, however, counsel discovered it in the new file folder prepared by the temporary clerk without his knowledge. He promptly filed a new motion under rule 1.540(b), seeking to have the court vacate the order and re-enter it to permit appellate review.
The trial court found that Nichols’ counsel had demonstrated excusable neglect. It concluded that appellants’ initial motion to set aside the summary judgment and consequent sale was in fact a motion for rehearing, however, and that the court had already considered and denied this motion. Therefore, reasoned the court, it had lost jurisdiction over the case. The court expressly relied on, among others, Fiber Crete Homes Inc. v. State Department of Transportation, 315 So.2d 492 (Fla. 4th DCA 1975), Shelby Mutual Insurance Co. v. Pearson, 236 So.2d 1 (Fla.1970), and Markevitch v. Van Harren, 429 So.2d 1255 (Fla. 3d DCA 1983), to support its conclusion.
We disagree with the court’s characterization of appellants’ first motion. The October 1990 motion was filed nearly one year after the final judgment of foreclosure. Moreover, it was based on a complete lack of notice and did not seek a conventional rehearing. In substance, which we deem the controlling factor, the motion asked the court to set the summary judgment aside because Alliance had agreed to a settlement with the Nichols and, in any event, Alliance had not given Nichols’ counsel notice of the summary proceedings. Neither one of these grounds relate to the merits of the summary judgment itself or the grounds on which it was based. Therefore, this first motion could not fairly be deemed an application under rule 1.530, and thus Fiber Crete, Shelby and Markevitch simply do not apply. For these reasons, we conclude that the motion was one for relief from judgment and was timely filed under rule 1.540(b).
The trial court may have also believed that it was faced with successive motions under rule 1.540(b). There is a *576 distinction, however, between a motion for relief from a specific merits order and a later motion for relief from an order denying the motion for relief from the merits order. The two do not constitute successive motions on the same subject or order. An order entered under 1.540 may itself be subject to relief under the same rule when, as here, the motions do not seek relief from the same order and are based on different grounds. Intercontinental Properties, Inc. v. U.S. Security Services, Inc., 515 So.2d 321 (Fla. 3d DCA 1987).
We therefore reverse the trial court’s May 17, 1991 determination that it lacked jurisdiction to consider appellants’ second motion for relief from judgment on the merits. Because the trial court has already made a finding of excusable neglect, we remand with instructions to grant relief from the February 25, 1991 order denying the first motion to set aside judgment and sale. That order should then be re-entered so that appellants may seek timely review of it.
REVERSED AND REMANDED WITH DIRECTIONS.
DELL and GUNTHER, JJ., concur.