688 So.2d 935 (1996)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Elizabeth Shea MILLER, Appellee.
Ruth OLIPHANT, as personal representative of the Estate of Donald E. Oliphant, Deceased, Appellant,
v.
Elizabeth Shea MILLER, Appellee.
Nos. 95-1851, 95-1968.
District Court of Appeal of Florida, Fourth District.
November 20, 1996.
Opinion Denying Rehearing February 5, 1997.
As Amended on Grant of Clarification March 17, 1997.
Sharon Lee Stedman of Sharon Lee Stedman, P.A., and Thomas G. Kane, Orlando, for Appellant-State Farm Mutual Automobile Insurance Company.
David B. Pakula of Kubicki Draper, Miami, for Appellant-Ruth Oliphant.
Jack Gale and Kendall Phillips of Phillips & Gale, Port St. Lucie, for appellee.
Louis K. Rosenbloum of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for Amicus Curiae-Academy of Florida Trial Lawyers.
George A. Vaka of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for Amicus Curiae-Florida Defense Lawyers Association.
PER CURIAM.
Defendants appeal an order granting a new trial in these companion cases which we consolidate. After oral argument, we discovered that the trial court had no authority to enter the order, and we are thus required to reverse.
After being awarded what she apparently felt was an inadequate amount of damages by the jury, plaintiff moved for a new trial which was denied. The same day her motion for new trial was denied, we issued our opinion in Krawzak v. Government Employees Insurance Co., 660 So.2d 306 (Fla. 4th DCA 1995), approved, 675 So.2d 115 (Fla.1996), holding that juries should be made aware that the insurer is a party in UM cases. Since the trial court had ruled in this case that the jury would not be advised about the UM insurer, plaintiff moved for a rehearing of the order denying the motion for new trial. The court granted that motion and ordered a new trial, citing Krawzak. These appeals are from that order.
The motion for rehearing of the order denying the motion for new trial was not authorized by our rules, and the trial court was thus without authority to consider it. Fiber Crete Homes, Inc. v. Division of Admin., 315 So.2d 492 (Fla. 4th DCA 1975); Huffman v. Little, 341 So.2d 268 (Fla. 2d DCA), cert. denied, 348 So.2d 949 (Fla.1977); Volumes in Value, Inc. v. Buy Mail Int'l, Inc., 177 So.2d 511 (Fla. 3d DCA 1965). We therefore reverse the order granting the new trial and remand for entry of a final judgment.
STONE and PARIENTE, JJ., concur.
KLEIN, J., concurs specially with opinion.
*936 KLEIN, Judge, concurring specially.
If we had reached the merits of this order granting a new trial, we would have had to confront the issue of whether the erroneous severance of the UM insurer is per se reversible error or subject to a harmless error analysis. Prior to discovering that the order granting the new trial was unauthorized, I had concluded that severance does not always require reversal for the following reasons.
In Krawzak this court found two issues which required reversal and only then, because a retrial was necessary, concluded that the court had erred in not allowing the UM insurer to be named. The issue of harmless error was thus not present in Krawzak and was thus not decided by the supreme court when it approved our opinion in Krawzak.
Florida has two harmless error statutes, the one involved here, section 59.041, and the harmless error statute to be applied in criminal appeals. With regard to the latter, our supreme court has stated:
Section 924.33 respects the constitutional right to a fair trial free of harmful error but directs appellate courts not to apply a standard of review which requires that trials be free of harmless errors. The authority of the legislature to enact harmless error statutes is unquestioned. Contraposed to this legislative authority, the courts may establish the rule that certain errors always violate the right to a fair trial and are, thus, per se reversible. To do so, however, we are obligated to perform a reasoned analysis which shows that this is true, and that, for constitutional reasons, we must override the legislative decision. (footnotes omitted).
State v. DiGuilio, 491 So.2d 1129, 1134 (Fla. 1986) (in which our supreme court concluded that the error resulting from a prosecutor's comment on defendant's silence, involving a constitutional right, is still subject to a harmless error analysis).
Although DiGuilio only addressed our criminal harmless error statute, I believe that we should also perform the same "reasoned analysis" that certain errors always violate the right to a fair trial before pronouncing that type of error to be per se reversible, to comply with section 59.041 in civil cases.
We recently reversed an erroneous severance for a new trial in Brush v. Palm Beach County, 679 So.2d 814 (Fla. 4th DCA 1996), finding the severance of the UM carrier to have been a "deception, particularly egregious." I do not construe that opinion as announcing a per se reversible error rule for two reasons. First, the opinion did not address that issue. Second, the fact that the panel characterized the error to have been a "deception, particularly egregious," suggests that it found that the severance was not harmless. Otherwise there would have been no reason to describe the misrepresentation with such strong language.
In Stecher v. Pomeroy, 244 So.2d 488 (Fla. 4th DCA 1971), the trial court erroneously permitted the jury to become aware of the insurance policy limits, and this court affirmed, finding harmless error and observing that the existence of liability insurance coverage was irrelevant. The Florida Supreme Court approved this court's opinion finding the error to be harmless. Stecher v. Pomeroy, 253 So.2d 421 (Fla.1971). If the Stecher error is subject to a harmless error analysis, it follows that the Krawzak error is as well.

ON MOTION FOR REHEARING
PER CURIAM.
Appellant Oliphant, although recognizing that it is settled law that a motion for rehearing is not authorized following an order denying a motion for new trial, argues that a trial court retains jurisdiction to control its own non-final orders prior to entry of final judgment, citing Commercial Garden Mall v. Success Academy, Inc., 453 So.2d 934 (Fla. 4th DCA 1984), and North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962). Because the trial court had not yet entered a final judgment in this case when plaintiff moved for rehearing, Oliphant contends that the trial court should have been able to correct its prior order denying a motion for a new trial.
The broad general principle on which Oliphant relies, that a court can change its own *937 non-final orders, has not been applied, so far as our research indicates, to authorize a motion for rehearing from an order denying a rule 1.530 motion for new trial. In Frazier v. Seaboard System R.R., 508 So.2d 345 (Fla. 1987), the Florida Supreme Court concluded that an order granting a new trial is not subject to a motion for rehearing in the absence of fraud or clerical error, relying on the same cases we cited in our original opinion, all of which hold that a motion for rehearing directed to an order denying a new trial is unauthorized. We therefore adhere to our opinion that the trial court did not have the authority to vacate the order denying the motion for a new trial on the ground alleged here. The motion for rehearing is denied.
STONE, KLEIN and PARIENTE, JJ., concur.