864 So.2d 18 (2003)
Leon J. ABRAM, M.D. and Leon J. Abram, M.D., P.A., Appellants,
v.
Anthony WOLICKI, Appellee.
No. 4D02-3041.
District Court of Appeal of Florida, Fourth District.
November 12, 2003.
*19 Marc T. Millian, Scott H. Michaud, Rose Marie Antonacci-Pollock and Stacey L. Silverman of Michaud, Buschmann, Mittelmark, Millian, Blitz, Warren & Coel P.A., Boca Raton, for appellants.
A. Clark Cone of The Cone Law Firm, West Palm Beach, for appellee.
HAZOURI, J.
Leon J. Abram, M.D. and Leon J. Abram, M.D., P.A., (collectively "Abram") appeal from the trial court's sua sponte order granting Anthony Wolicki a new trial. We reverse.
This appeal arises from a medical malpractice case filed by Wolicki against Abram in which Wolicki alleged that Abram deviated from the accepted standard of care in performing a cervical fusion. The issue of liability was hotly contested. After a week-long jury trial, the jury returned a verdict finding that Abram was not negligent. The verdict was rendered on April 15, 2002. On April 25, 2002, Wolicki filed a timely motion for new trial and the hearing was scheduled for May 24, 2002. In the interim, on April 29, 2002, the trial court entered a final judgment in Abram's favor.
After hearing argument on the motion for new trial, the trial court entered an order on June 11, 2002, denying Wolicki's motion for new trial. Thereafter, on June 20, 2002, Wolicki filed a motion for rehearing regarding his motion for new trial. Abram filed a response in opposition to Wolicki's motion for rehearing arguing that the motion for rehearing was unauthorized. On July 2, 2002, the trial court entered an order denying Wolicki's motion for rehearing regarding his motion for a new trial; however, the trial court withdrew the previous order denying the motion for new trial, and substituted a new order granting Wolicki's motion for new trial. Abram argues that under the Florida Rules of Civil Procedure, Wolicki was not authorized to file a motion for rehearing on the denial of his motion for new trial and that the trial court could not sua sponte vacate the order denying the motion for new trial and enter an order granting it. We agree.
Florida Rule of Civil Procedure 1.530 provides for motions for new trial or motions for rehearing. There is no authorization for motions for rehearing on motions for new trials. See Fiber Crete Homes, Inc. v. Div. of Admin., 315 So.2d 492 (Fla. 4th DCA 1975). In Fiber Crete, the Department of Transportation had instituted a suit for eminent domain against *20 Fiber Crete. A final judgment was rendered in favor of Fiber Crete, and within ten days the Department filed a motion for new trial. The trial court denied the motion. Within ten days of that order, the Department filed a motion for a "limited rehearing of new trial motion" calling the trial court's attention to a case decided several months before, which affected the decision. The trial court denied the motion for rehearing but proceeded sua sponte under Florida Rule of Civil Procedure 1.540(b) to amend the order denying the motion for new trial by granting it.
In Fiber Crete, this court held:
The trial court correctly recognized that it had no authority to entertain or consider a subsequently filed motion or petition for rehearing directed to a denial of a new trial. DePadro v. Moore, Fla.App.1968, 215 So.2d 27; Volumes in Value, Inc. v. Buy Mail International, Inc., Fla.App.1965, 177 So.2d 511. Simply stated, there is no provision in the rules of civil procedure for a rehearing of a denial of a motion for a new trial and rehearing. The trial court, therefore, appropriately denied plaintiff's motions "for limited rehearing".
Id. at 493. Thus the trial court in the instant case was correct in denying Wolicki's motion for rehearing regarding his motion for new trial.
This court then held with respect to the trial court's reversing itself and granting the new trial:
However, the court then proceeded on its own motion to grant a new trial under Rule 1.540(b) predicating its action on the authority of In re Estate of Weymer, Fla.App.1967, 199 So.2d 495. While the Weymer case stands for the proposition that a court may act of its own motion under Rule 1.540(b); nevertheless, the court can do so only for those reasons and under such circumstances as set forth in the rule ... In essence, however, the trial judge sought to utilize Rule 1.540(b) to correct what he perceived to be a "mistaken view of the law".
Rule 1.540 was intended to provide relief from judgments, decrees or orders under a limited set of circumstances; it was neither intended to serve as a substitute for the new trial mechanism prescribed by Rule 1.530 nor as a substitute for appellate review of judicial error....
It appears that the trial court's sua sponte order (after its denial of rehearing) was an effort on its part to grant relief from a final judgment because of what the trial court perceived to be a judicial error as distinguished from "mistake, inadvertence, surprise or excusable neglect". To sanction such a modification and utilization of Rule 1.540(b) would not only be contrary to the purpose of that rule but, additionally, would adversely affect the concept of "finality" of any judgment or order.
Id. at 493-94 (citations and footnotes omitted).
In State Farm Mutual Automobile Insurance Co. v. Miller, 688 So.2d 935 (Fla. 4th DCA 1997), this court reviewed a case where the motion for new trial was denied and the same day the Fourth District issued an opinion on a case which affected a legal decision of the trial court during trial. The party who made the motion for new trial then filed a motion for rehearing on the denial of the motion for new trial. The trial court granted the motion for rehearing and ordered a new trial citing the new case. The nonmoving party appealed. This court in reversing the trial court, relied on cases that previously held: "The motion for rehearing of the order denying the motion for new trial was not authorized by our rules, and the trial court was thus without authority to consider it." Id.; see also Fiber Crete, 315 So.2d at 492; Huffman v. Little, 341 So.2d 268 (Fla. 2d *21 DCA 1977); Volumes in Value, Inc. v. Buy Mail Int'l, Inc., 177 So.2d 511 (Fla. 3d DCA 1965).
More recently, in ACA Brandon, Inc. v. Hooyman, 823 So.2d 874 (Fla. 2d DCA 2002), appellant appealed the trial court's order granting appellees a new trial pursuant to a supplemental and amended motion for new trial after the trial court had initially denied the motion for new trial. The district court reversed because the Florida Rules of Civil Procedure do not provide for supplemental motions for new trial or for motions for rehearing of orders denying motions for new trial.
Based upon the foregoing, the trial court in the instant case was without authority to withdraw its prior order and enter an order granting a new trial. Therefore, the order was a nullity and we direct the trial court to reinstate the final judgment in favor of Abram. We also find no error in the trial court's denial of Wolicki's motion for new trial.
REVERSED.
STONE and KLEIN, JJ., concur.