PER CURIAM.
This appeal and cross-appeal raise two significant questions. First, once a trial court denies a motion for new trial, does the court thereafter have the authority to sua sponte rehear the matter? Second, was a new trial warranted in this case on the ground that the future pain and suffering damages award was inadequate? We answer both questions in the negative and direct the trial court to reinstate the jury verdict and its initial order denying the motions for new trial or additur.
This appeal stems from a wrongful death suit where eleven-year-old Ian Douglass died in an automobile accident. The only issue the jury was asked to decide was damages for past and future pain and suffering for Ian’s non-custodial father, Edward Douglass. After the jury returned a verdict of $50,000 for past pain and suffering, and $100,000 for future pain and suffering, the plaintiff filed motions for new trial or, alternatively, additur. Following a hearing, the trial court denied the motions for new trial and additur.
On the next day, the trial judge sua sponte granted rehearing in the matter and, ultimately, held a second hearing. Following this second hearing, the trial court found that the future pain and suffering damages award was inadequate and granted the motion for additur (increasing the future emotional damage award by $250,000), or, in the alternative, a new trial. The defendants rejected the addi-tur.
On appeal, the defendants/appellants’ primary contention is that the trial court lacked authority to sua sponte rehear the matter and to enter the second order granting the motion for additur or, in the alternative, a new trial. This issue is governed by the decision in State Farm Mutual Automobile Insurance Co. v. Miller, 688 So.2d 935 (Fla. 4th DCA 1996). There, as here, the plaintiff believed the jury’s damage award was inadequate and sought a new trial. The trial court denied the motion. On that same day, however, this court issued an opinion contrary to the law applied by the lower court in the case. The plaintiff thus sought rehearing of the order denying her motion for new trial. The court granted the motion and ordered a new trial, prompting the defendant to appeal. This court reversed the second order granting the motion for new trial, finding that the motion was not authorized and that the lower court was without authority to consider the same. Id. at 935.
On motion for rehearing, the plaintiff suggested that this court’s decision was in error as a trial court retains the inherent authority to control its own interlocutory orders and no final judgment had yet been entered in the case. This court refused to find that this general principle of law gave the trial court the authority to rehear an initial order denying a motion for new trial or to vacate that initial order. Id. at 936-37. See also ACA Brandon, Inc. v. Hooy- *631 man, 823 So.2d 874, 875 (Fla. 2d DCA 2002)(holding that “[o]nce the trial court denied the ... original motion for new trial, it had no authority to rehear the matter,” and remanding for entry of final judgment).
Although Miller involved a motion for rehearing and in this case the court sua sponte granted rehearing, the result is the same. A similar issue was addressed in Abram v. Wolicki, 864 So.2d 18 (Fla. 4th DCA 2003). There, we held that since the trial court was without authority to grant a motion for rehearing following an initial denial, the court also could not sua sponte grant such relief. In light of Miller and Abram, we conclude that, here, following the initial denial of the motions for new trial or additur, the trial court was without authority to rehear the matter.
The only question that remains, then, is whether the initial denial of the motion for new trial was an abuse of discretion as is alleged by the cross appellant. “A new trial may be ordered on the grounds that the verdict is excessive or inadequate when (1) the verdict shocks the judicial conscience or (2) the jury has been unduly influenced by passion or prejudice.” Brown v. Estate of Stuckey, 749 So.2d 490, 498 (Fla.1999). Section 768.74, Florida Statutes (2003), vests the trial judge with “discretionary authority” to review the award for inadequacy or excessiveness and lists several factors for consideration. Florida law affords juries wide latitude in the award of future pain and suffering damages, see, e.g., Hendry v. Zelaya, 841 So.2d 572, 575 (Fla. 3d DCA 2003), and the $150,000 award in the instant case, in view of the statutory criteria, is not so inadequate as to suggest that the trial court abused its discretion in denying the motion for new trial or additur.
Accordingly, we direct the trial court to reinstate the jury verdict and its initial order denying the motions for new trial or, in the alternative, additur.
REVERSED and REMANDED.
STEVENSON, SHAHOOD and MAY, JJ., concur.